## COMPTON v. JONES ET AL.

PROMISSORY NOTE.— *Mortgage.*— *Action by Endorsee.*— *Counter-Claim by Payee Claiming Title.*—*Verdict.*— *Uncertainty.*—*Venire De Novo.*—In an action on a promissory note and to foreclose a mortgage securing it, brought by an endorsee against the mortgagors and a junior mortgagee, the payee of the note, on his own petition, was made a party, and filed a counter-claim alleging ownership of the note ; and, judgment having been rendered, by agreement of parties, in favor of the junior mortgagee, against the mortgagors, before verdict, the jury returned a verdict that the senior note and mortgage were the property of the payee, assessing his damages and finding that he was entitled to foreclosure.

*Held*, on motion by the plaintiff for a *venire de novo*, that the verdict is certain as to him, and that he can not complain of its uncertainty as to others.

SAME.—*Assignment of Note as Indemnity.*—*Payment of Debt by Assignor.*—*Rescission.*—The evidence on the trial in such action established, that the note in question had been endorsed by the payee to the plaintiff, simply to secure him against loss on account of debts of the payee which the plaintiff was assisting him to pay off, but that, before the commencement of the action, the payee had paid the same out of his own means.

*Held*, that, on such payment, the assignment was rescinded, and the note and mortgage reverted to the payee.

From the Grant Circuit Court.

*G. T. B. Carr* and *J. H. Compton*, for appellant.

*I. VanDevanter* and *J. W. Lacey*, for appellees.

BIDDLE, J.—Joseph D. Compton brought this suit against Susanna Jones, William R. Jones, Elijah Sailors and George W. Ammons.

The complaint is founded on a promissory note, made by Susanna Jones and William R. Jones, payable to Isaac DeCourcey, and assigned by DeCourcey to Compton.

The note is secured by a mortgage, executed by the Joneses. Sailors and Ammon were junior mortgagees. They answer, setting up their mortgage, and pray judgment against the Joneses.

Isaac DeCourcey is made a party defendant, on petition, and files a special paragraph of answer, and a counter-

claim, averring that he is the owner of the note and mortgage claimed by Compton and described in the complaint, notwithstanding the assignment, and praying a judgment in his favor against the Joneses, and a foreclosure of the mortgage.

It appears by the record, that the parties went to trial before a jury, without any reply to the special paragraphs of answer, and without any answer to the counter-claim. The affirmative pleadings, therefore, must be held as denied. But no question is made upon the condition of the issues.

Before the return of the verdict, judgment was entered, by agreement, in favor of Ammons, against the Joneses, on the junior note and mortgage. The jury then returned a verdict upon the issue between DeCourcey and Compton, as to which of them owned the note and mortgage described in the complaint, in favor of DeCourcey, and against the Joneses, and assessed the amount due to DeCourcey on the senior note and mortgage.

Compton moved for a *venire de novo;* his motion was overruled, and he excepted.

Over a motion for a new trial, made by Compton, and exceptions, he reserved three questions for our consideration. The court rendered judgment on the verdict, for the amount due on the note, and that the mortgage be foreclosed. Compton appealed to this court.

1. The first assignment of error, which appellant insists upon, is, overruling his motion for a *venire de novo.* He thinks the verdict is defective and uncertain, in not finding on all the issues presented in the pleadings.

The form of the verdict is as follows :

" We, the jury, find for the defendant Isaac DeCourcey, that said note and mortgage are his property, and assess his damages at $125.40, and that he have foreclosure of the mortgage."

It is very clear, that this verdict is neither defective nor uncertain, as to the issue between Compton and DeCourcey, and that is the only issue of which Compton can complain. Whatever may be the defects in the verdict as to other parties, they do not complain; and, if a verdict is sufficient as to one of several parties, he can not complain because it is imperfect as to other parties. This point is decided in the case of *Whitworth* v. *Ballard*, 56 Ind. 279. We think the appellant was not entitled to his *venire de novo.*

2. That the verdict is not sustained by sufficient evidence.

The plaintiff insists, that, as the assignment of the note and mortgage by DeCourcey to Compton is not disputed, there should have been proof of a rescission of the assignment. There should have been such proof, doubtless, or proof of the right to a rescission before suit was brought, and we think there was proof of the latter proposition. It appears that the assignment of the note and mortgage was made by DeCourcey to Compton for the purpose of securing Compton for assisting DeCourcey in paying certain of his debts, and not as a sale. These debts were afterwards paid by DeCourcey, and out of his property, and not by Compton. After these debts were so paid, Compton had no further right in the note and mortgage. In fact, the assignment was then rescinded, all except the mere redelivery of the note and mortgage to DeCourcey by Compton. This state of facts, which we think the evidence fairly proves, is sufficient to sustain the verdict.

3. That the verdict is contrary to law.

The appellant uses the same argument in support of this proposition as that which he used in support of his second point; and we think, under that head, it has already been sufficiently answered. We can not discover wherein the verdict is contrary to law.

The judgment is affirmed, at the costs of the appellant.

The appellant, having died after the submission of this cause and before its decision, the judgment is rendered as of the date of the submission.