## GRIFFIN ET AL. *v.* REIS.

FORECLOSURE OF MORTGAGE.—*Special Verdict.*— *Venire de novo.*—In an action to foreclose a mortgage on real estate, and on several matured and unmatured promissory notes secured thereby, wherein the mortgagor answered by way of confession and avoidance, and his co-mortgagor, his wife, by a general denial, the jury returned a special verdict, finding affirmatively, on all the material allegations of the complaint, the amounts due on the matured notes, and the dates of maturity, and the amounts, of the unmatured notes.

*Held,* on motion for a *venire de novo,* that the special verdict authorized judgment for the plaintiff.

SAME.—*Dismissal of Action.*—The dismissal of such action, by the plaintiff, as to a third party defendant therein, was not ground for granting the mortgagors a *venire de novo.*

SAME.—*Judgment.*—*Divisibility of Mortgaged Premises.*—Judgment for the sale of the mortgaged premises should not be rendered, until the court has ascertained whether or not the premises can be sold in parcels, without injury, in cases where the mortgage debt consists of both matured and unmatured instalments.

SAME.—*Exception.*—A formal exception to the rendition of such judgment, immediately succeeding the judgment itself, without specifying any grounds for the objection, presents the question as to the failure of the court to find as to the divisibility of the mortgaged premises.

From the Ripley Circuit Court.

*G. Durbin, S. A. Huff, J. S. Harvey* and *G. W. Galvin,* for appellants.

*E. P. Ferris, W. W. Spencer* and *H. W. Harrington,* for appellee.

BIDDLE, J.—On the 20th day of May, 1875, Henry B. Myers made his six several promissory notes, payable to Nicholas Hoffhauer, at twelve, twenty-four, thirty-six, forty-eight, sixty and seventy-two months after date. On the same day, George O. Griffin and Martha M. Griffin, his wife, executed to Hoffhauer a mortgage on certain lands, which are described, to secure the payment of the notes. Hoffhauer assigned the notes and mortgage to the appellee by endorsement.

After the first note fell due, and before any of the remaining notes became due, this suit was brought to obtain judgment on the notes, and a foreclosure of the equity of redemption in the mortgage. Myers, the payee of the notes, was made a party defendant, and also Henry Dollman, who, it was alleged, claimed some interest in the land mortgaged, adverse to the mortgagee.

Dollman demurred to the complaint for want of facts as to him; his demurrer was sustained, and he had judgment in his favor accordingly.

Myers answered, but subsequently the case, as to him, was dismissed, and judgment for his costs was rendered in his favor. We need not, therefore, further notice the case as to Dollman and Myers.

Griffin and wife answered in eleven paragraphs. Demurrers, for the alleged want of facts, were sustained to the third, fourth, fifth, sixth, seventh and tenth paragraphs, and exceptions reserved. Replies were filed, and issues of fact formed on the other paragraphs of answer; trial by jury had, and a special verdict returned as follows:

"We, the jury, find the facts in this case to be as follows:

"We find that on the 20th day of May, 1875, George O. Griffin and Martha M. Griffin, his wife, made, executed and delivered to Nicholas Hoffhauer a mortgage on the following real estate in Ripley county, Indiana, to wit:" (Here the land is described); "to secure the payment of six

promissory notes dated Batesville, Ind., May 20th, 1875, signed by Henry B. Myers, and payable to Nicholas Hoffhauer. All the notes bear interest at six per cent. from date, and are due as follows:

"1st note, due 1 year after date........................$150.00.
  2d  "  "  2 years  "  ........................ 300.00.
  3d  "  "  3  "  "  ...... ................. 300.00.
  4th  "  "  4  "  "  ........................ 300.00.
  5th  "  "  5  "  "  ........................ 300.00.
  6th  "  "  6  "  "  ........................ 300.00.

"We find the mortgage was acknowledged on the 22d day of May, 1875, and was recorded May 28th, 1877, in mortgage record No. 9, page 586, of the recorder's office of Ripley county, Indiana.

"We further find that Nicholas Hoffhauer, before the commencement of this suit, endorsed the notes, except the last, by writing his name thereon, to the plaintiff, and delivered the possession of the same to him, for a valuable consideration, as collateral security to secure a loan of $600. We further find that there is now due and unpaid, on the first note set out in said mortgage, the sum of $168. And there will be due on the other notes, as they fall due, the following amounts:

"2d note, $300. Due May 20th, 1877,...............$336.00.
  3d  "  300.  "  "  1878,............... 354.00.
  4th  "  300.  "  "  1879,............... 372.00.
  5th  "  300.  "  "  1880,............... 390.00.

"We further find, that on the 20th day of May, 1875, Nicholas Hoffhauer and Elizabeth Hoffhauer, his wife, conveyed the real estate set out in the said mortgage, to George O. Griffin, and that, as a part of the consideration of said deed, said Griffin was to pay all prior encumbrances on said real estate.

"If the law, upon these facts, is with the plaintiff, we find for the plaintiff.

" If the law is with the defendants, we find for the defendants."

Upon the return of the verdict, the defendants moved the court for a *venire de novo*. The motion, as to George O. Griffin and Martha M. Griffin, was overruled, and they excepted.

The court held the law, upon the special verdict, to be with the plaintiff, and against the defendants George O. Griffin and Martha M. Griffin, and rendered judgment accordingly, for the amount due, and for the amounts to become due, and for the foreclosure and sale of the premises to pay the judgment and costs; but so rendered the judgment, without ascertaining whether the property could be sold in parcels, without injury to the interests of the parties, or not, to the rendition of which judgment the defendants excepted. Appeal.

In this court the appellants have filed the following assignments of error:

"2. The court erred in overruling the motion for a *venire facias de novo* as to George O. Griffin and wife.

"4. The circuit court erred in decreeing a sale of all the lands covered by the mortgage, without first ascertaining whether they could be sold in parcels without injury to the interests of the parties."

As these are the only assignments of error discussed by the appellants, in the brief of their counsel, we do not set out the first and third assignments.

The counsel for appellant, as to the second assignment of error above, insist, that, as several of the paragraphs of answer by George O. Griffin were in confession and avoidance, upon which issues of fact were joined, the special verdict is defective in not finding specifically upon those issues; and, therefore, that the *venire de novo* should have been granted. We do not view the special verdict in that light. It was not necessary to find upon each issue

specially, if the special verdict is against all the issues presented by the defendant. The special verdict finds affirmatively on all the facts staetd in the complaint necessary to a recovery, and which were put in issue by the general denial. It also finds "that there is now due and unpaid, on the first note set out in the mortgage," a specific sum; and also finds the specific amount to become due, at particular dates, on each of the subsequent notes. This is an effectual finding, as it seems to us, against George O. Griffin, on all the issues of fact presented by his answer in confession and avoidance; for, if any of them had been found in his favor, the full amount of the notes could not have been due, as shown by the verdict. The answers presented no issue as to Martha M. Griffin, except the general denial. *Medler* v. *Hiatt*, 14 Ind. 405 ; *Bosseker* v. *Cramer*, 18 Ind. 44; *Crassen* v. *Swoveland*, 22 Ind. 427 ; *McElfresh* v. *Guard*, 32 Ind. 408 ; *The Toledo, Wabash and Western R. W. Co.* v. *Hammond*, 33 Ind. 379 ; *Housworth* v. *Bloomhuff*, 54 Ind. 487 ; *Shaw* v. *The Merchants National Bank*, 60 Ind. 83 ; *Ogle* v. *Dill*, 61 Ind. 438.

The appellant also insists, that the issues formed on the answer of Myers not having been decided, whereupon the plaintiff dismissed the action as to Myers, is good ground for a *venire de novo*, in favor of Griffin and wife. He says, "the dismissal of the action by the appellee, as to Myers, left the case as though he had not been a party at all." In this we agree with the appellant; but we can not see how the dismissal as to Myers can possibly be made to support the motion for a *venire de novo* by the Griffins, when the dismissal left the case as though Myers had never been a party. This question has been settled by this court against the views of the appellant. *Whitworth* v. *Ballard*, 56 Ind. 279 ; *Compton* v. *Jones*, 65 Ind. 117.

As to the fourth assignment of error: The court, after the rendition of final judgment, did not proceed to ascer-

tain whether the property could be sold in parcels, without injury to the interests of the parties, or not. This duty being especially enjoined upon the court by statute, in cases like the present, when all the instalments secured by a mortgage are not due at the time of its foreclosure, the appellant insists, that a neglect to perform it is error; but the appellee claims, that the appellant did not properly except to the judgment at the time it was rendered. The record states the appellant's exception, immediately after the conclusion of the judgment, in the following words: "To the rendition of which judgment the defendants except, and now file their bill of exceptions, endorsed," etc. We think this exception is sufficient, without pointing out the particular defect in the judgment complained of, because the defect was apparent on its face. If this exception is well taken, it is not contended but that the fourth assignment of error is sustained. See the following cases: *Cubberly* v. *Wine*, 13 Ind. 353; *Wainscott* v. *Silvers*, 13 Ind. 497; *Piel* v. *Brayer*, 30 Ind. 332; *Knarr* v. *Conaway*, 42 Ind. 260.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to ascertain whether the property can be sold in parcels, without injury to the interests of the parties, or not, and to render judgment accordingly.