The H. G. Olds Wagon Works *v.* Coombs *et al.*

## No. 14,167.

## The H. G. Olds Wagon Works *v.* Coombs et al.

Contract.—*Acceptance of Order.—Consideration.*—One Myers delivered to Coombs & Co. an order duly signed by him, and addressed to the Olds Wagon Works, and accepted by it, substantially as follows. "From this date you will please credit all shipments I may make to you to Coombs & Co., subject to settlement with them by note on ninety days' time, except doubletrees, etc., bought of me for cash, which I will collect."

*Held,* that an indebtedness due from Myers to C. & Co., and the agreement of the latter to make further advances to the former, were an adequate consideration for the execution of the order as between the immediate parties thereto; and the agreement of Myers to ship, and his subsequent shipment|to, and the receipt of material by, the Olds Wagon Works, were an adequate consideration for the acceptance of the order by the latter, and for the agreement to credit and pay the amount of such shipments to Coombs & Co.

Same.—*General Verdict.—Issues.*—M., in the suit by Coombs & Co. against the Olds Wagon Works (the acceptor of the order), having been made a party merely to answer to his indebtedness to Coombs & Co., and no issue having been joined between M. and the plaintiffs, a general verdict assessing the damages of the plaintiffs at a specified sum was good.

Same.—*Interpretation.—Ambiguity.—How Removed.*—In interpreting a contract the language employed therein is the exclusive medium through which to ascertain its meaning; but in case the terms employed are ambiguous, or susceptible of more than one meaning, the situation of the parties and the circumstances under which the contract was made may be considered.

From the Allen Superior Court.

*H. Colerick* and *W. S. Oppenheim,* for appellant.

*J. Morris* and *J. M. Barrett,* for appellees.

MITCHELL, C. J.—On the 4th day of November, 1882, Myers delivered to Coombs & Co. an order duly signed by him and addressed to the Olds Wagon Works, substantially as follows: " From this date you will please credit all shipments I may make to you to Coombs & Co., subject to settlement with them by note on ninety days' time, except doubletrees, etc., bought of me for cash, which I will collect."

It appears from the complaint that Myers was engaged in getting out timber and manufacturing it into gearing, felloes, doubletrees, etc., and that he had become largely indebted to Coombs & Co. for money advanced to him. He was shipping, or proposing to ship, the material produced at his mill, or manufactory, to the Olds Wagon Works, and in consideration of an agreement on the part of Coombs & Co. to make further advances to him, with which to prosecute his business, he executed to them the order above set out, which it is alleged the Olds Wagon Works duly accepted. It is averred that the wagon works thereafter received shipments of material from Myers exceeding in value the amount of the indebtedness due from the latter to Coombs & Co., including the advancements made to Myers, and that the amount has all been paid over in pursuance of the order except $266.66, which the defendant refuses to pay.

Accepting the averments of the complaint as true, the argument that there was no consideration to support the agreement to accept the order is not maintainable.

The indebtedness due from Myers to Coombs & Co., and the agreement of the latter to make further advances to the former, were an adequate consideration for the execution of the order as between the immediate parties thereto ; and the agreement of Myers to ship, and his subsequent shipment to, and the receipt of material by, the Olds Wagon Works, were an adequate consideration for the acceptance of the order by the latter, and for the agreement to credit and pay the amount of such shipments to Coombs & Co.

In the view we take, the construction which the appellant seeks to place upon the complaint, and the bill of particulars thereto attached, is not an admissible one. After the order was delivered to Coombs & Co., and accepted by the Olds Wagon Works, it became effectual to transfer to the former an unqualified right to be credited with, and ultimately to be paid for, all material except doubletrees, etc., which Myers should thereafter ship to the latter, until the agreement was, upon reasonable notice, rescinded. It was a matter of no concern to the acceptor of the order whether the proceeds of shipments received by it were applied to an antecedent debt due to Coombs & Co., or to the liquidation of future advances. By the terms of the order which it had accepted, its obligation was to credit Coombs & Co. with all future shipments, with the exceptions therein noted, which might be received from Myers. The demurrer to the complaint was properly overruled.

There was no error in overruling the motion for a *venire de novo.*

We have not been able to discover from the record that there was any issue joined between the plaintiffs and Myers who was made a party to answer as to his indebtedness to Coombs & Co. There was a general verdict in favor of the latter, assessing their damages at a specified sum. The verdict was, therefore, perfect, and responsive to the whole issue, and must be regarded as covering everything within the issues necessary to reach the conclusion that the plaintiff was entitled to recover of the defendant the sum mentioned therein. Besides, whatever defects there may be in the verdict, if there are any, relate solely to the plaintiffs and Myers, and since they made no objection to it, the appellant, in respect to whom the verdict is perfect, can not complain. *Compton* v. *Jones,* 65 Ind. 117 ; *Whitworth* v. *Ballard,* 56 Ind. 279 ; *Griffin* v. *Reis,* 68 Ind. 9.

It is objected that the court erred in reference to the proper interpretation of the order which constitutes the foundation

of the action, and in its instructions to the jury upon that subject. It was the duty, as well as the exclusive province of the court, to interpret the instrument in question, and to instruct the jury as to its legal effect. *Robbins* v. *Spencer*, 121 Ind. 594, and cases cited.

In interpreting a contract the language employed therein is the exclusive medium through which to ascertain its meaning; but in case the terms employed are ambiguous, or susceptible of more than one meaning, the situation of the parties and the circumstances under which the contract was made may become a proper subject of inquiry in order to arrive at the sense in which the language was employed. *Cravens* v. *Eagle Cotton Mills Co.*, 120 Ind. 6, and cases cited. This in nowise militates against the rule that the meaning of the parties is to be ascertained from the language used in the writing, and that the interpretation of the instrument is a duty resting upon the court. The court may, however, in a proper case, direct the jury that the instrument may mean one thing or the other, depending upon extraneous circumstances to be found by them from the evidence. If this rule was infringed upon in the present case it was not to the detriment of the appellant.

There is evidence tending to sustain the general verdict; but accepting the view most favorable to the plaintiffs below, it seems to us the recovery was too large by the amount of $45.63. Upon condition that the appellees will file a *remittitur*, in this court, of that amount, as of the date of the entry of the judgment below, within twenty days, the judgment is affirmed, at the costs of the appellees; otherwise the judgment will be reversed, with costs.

Filed May 13, 1890.