## ERNSTING ET AL. v. STEGMAN.

[No. 12,861.  Filed May 18, 1927.]

1. PLEADING.—*Motion in arrest of judgment does not raise any question as to sufficiency of complaint.*—Since all objections to the sufficiency of a complaint to state a cause of action are waived by a failure to demur thereto (see §362 Burns 1926), a motion in arrest of judgment assigning the insufficiency of the complaint was properly overruled. p. 213.

2. APPEAL.—*Questions depending on the evidence not presented when evidence not legally in the record.*—Where the specifications of a motion for a new trial require the consideration of the evidence and it is not legally in the record, no question is presented for consideration. p. 214.

3. EXCEPTIONS, BILL OF.—*Granting time to tender bill of exceptions.*—Where time was not given on overruling the motion for a new trial to tender a bill of exceptions containing the evidence, such a bill filed after the term within the time granted on overruling a motion in arrest of judgment is not legally in the record. p. 214.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Margaret Stegman against Henry Ernsting and others.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*  By the court in banc.

*John P. Leyendecker* and *Louis P. Adams,* for appellants.

*Fred W. Steiger* and *Carey & Cox,* for appellee.

McMAHAN, C. J.—Appellants have attempted to present two questions:  (1) Error in overruling their motion in arrest of judgment; and (2) in overruling their motion for a new trial.  Inasmuch as all the reasons assigned in support of the motion in arrest of judgment all relate to the sufficiency of the facts alleged to state a cause of action, the court did not err in overruling such motion.  All objections to the complaint for the reasons stated were waived by a failure to demur thereto.  *Malone, Trustee,* v. *Kitchen* (1922), 79 Ind. App. 119, 137 N. E. 562.

All questions attempted to be presented by the second assignment of error require a consideration of the evidence, which is not in the record. The motion for a new trial was overruled May 8, 1926, but no time was given within which to file a bill of exceptions. On May 15, 1926, after the overruling of the motion in arrest, time was given beyond the term within which to file a bill of exceptions. The bill was not filed within the term, and for that reason the evidence is not in the record. See *Tozer, Admr.,* v. *Hobbs' Estate* (1923), 79 Ind. App. 258, 137 N. E. 715.

Judgment affirmed.