## HARKER ET AL. *v.* EISENHUT

[No. 26,703. Filed March 15, 1937. Rehearing denied May 17, 1937.]

*Herbert W. Lane,* and *Ely & Corn,* for appellants.

*Silas Kuiken,* and *W. E. Cox,* for appellee.

HUGHES, J.—This is an appeal taken from exceptions to a final report filed by John H. Eisenhut, as executor of the will of George Harker, deceased.

The errors assigned are: (1) The court erred in hearing said cause; (2) The court erred in refusing to grant a change of venue from the county on the filing of the proper affidavit; and (3) The court erred in overruling appellants' motion for a new trial.

The first question that confronts us is whether the bill of exceptions is properly in the record. The motion for a new trial was overruled on the 29th day of January, 1936, and what purports to be a bill of exceptions was filed April 24, 1936, at another term of court than when the motion for a new trial was overruled. No time was given to file a bill of exceptions and when a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial. *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657. It further appears that there is no showing that the bill of exceptions was ever filed. The certificate of the clerk shows that the transcript was filed on April 21, 1935, and the certificate of the special judge shows that

he ordered what purported to be a bill of exceptions to be filed on April 29, 1936, with the clerk, but nowhere in the record does it show that it was filed. The transcript must show that the bill of exceptions was filed in the clerk's office or it is no part of the record. *Loy v. Loy* (1883), 90 Ind. 404; *Shulse* v. *McWilliams* (1886), 104 Ind. 512, 3 N. E. 243. Moreover, there is no caption or formal commencement of the purported bill of exceptions to identify it. The bill of exceptions is not properly in the record and therefore, there is no question presented by it that we can consider. The only question properly presented is whether the court erred in refusing to grant appellants a change of venue from the county. This question must be answered in the negative. At the time the motion for a change of venue from the county was filed, Ch. 71, Acts 1935, p. 199, was in full force and effect and is as follows:

> "That in any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

So it is clearly seen that the motion for a change of venue from the county was properly overruled.

The appellant attempts to present in his first assignment of error that "the court erred in hearing said

cause." The question is not properly presented, but, even if it were, there is no available error.

The record shows that Judge John L. Summers, the regular judge, disqualified himself, and, pursuant to the statute, nominated three attorneys from which the appellants and appellees could select one to try the case. Each side struck one name and Herbert T. Rader, one of the parties named, was selected as special judge. If the appellants had any reason why Herbert T. Rader was not qualified to hear the case, they could, in the first instance, have struck his name from the list selected, and, in the second place, they could have taken a change of venue from him. They did neither and it is now too late to complain. "If a party, knowing of a valid objection to a proceeding, neglects to avail himself of it, and stands by or participates therein until a result is reached adverse to his interests, it is but justice that he should bear the consequences which his own folly has suffered to occur." *State* v. *Gilkison* (1935), 208 Ind. 416, 196 N. E. 231.

We have found no available error in the record and therefore the judgment must be affirmed.

Judgment affirmed.