CROUSE ET AL. *v.* CROUSE.

[No. 16,128. Filed May 23, 1939.]

*Arthur C. Call,* for appellants.

*Van Osdol & Campbell,* for appellee.

STEVENSON, C. J.—This is an action by the appellee against the appellants to set aside a deed on the theory that there was no consideration for the same.

There was a trial by the court, which found for the appellee and entered a decree setting aside the deed and giving the appellants a judgment for $332.58 for taxes and repairs made upon the property ordered reconveyed. The appellants thereupon filed their motion for new trial, which motion was filed on July 30, 1937, and on July 31, 1937, the court overruled the defendant's motion for new trial and the record discloses that at the time of the overruling of the motion for new trial no time was asked or given the appellants in which to file a bill of exceptions. Five days later, on August 4, 1937, the April term of the Madison Circuit Court adjourned. On the 4th day of October, 1937, the same

being the first day of the October term of the Madison Circuit Court, the appellants prayed an appeal to the Appellate Court of Indiana and at that time the appellants were given forty days in which to file their bill of exceptions containing the evidence.

The motion for new trial challenges the sufficiency of the evidence to sustain the decision of the court and the only error relied upon for reversal is the alleged error in overruling the motion for new trial.

The appellee contends that no question is presented in this appeal for the reason that the bill of exceptions is not in the record. The appellants concede that if the bill of exceptions containing the evidence is not properly in the record then no question is presented. They take the position, however, that at the time the court overruled their motion for new trial, neither the appellants nor their attorney had any notice or knowledge of such action, and that they came into court on the first day of the October term and asked for time in which to file their bill of exceptions, which was the earliest possible date available to them after learning of the court's ruling.

Our courts have repeatedly held that ". . . when a bill of exceptions containing the evidence is to be filed after term, leave therefor must be given by the court at the time of the ruling on the motion for the new trial." *Harker et al.* v. *Eisenhut* (1937), 212 Ind. 67, 68, 6 N. E. (2d) 936; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657, and cases cited.

Even though this procedure was not followed, the appellants insist that this court has power and authority to consider the evidence in this case regardless of the proceedings above set forth. If the trial court committed any error in failing to notify the parties of the time of the ruling on this motion for new trial that matter should first be presented to the trial

court. In the absence of such showing there is nothing in the record which would justify this court in disregarding the statutory requirements as to the manner of presenting a record on appeal.

This record discloses an entire failure to comply with the statute which expressly states what shall be done in order to make a bill of exceptions containing the evidence filed after term a part of the record. We accordingly conclude that the bill of exceptions in question is no part of the record, and since the sole question presented upon appeal involves a consideration of the evidence, such question cannot be considered.

The judgment is accordingly affirmed.