INTER STATE MOTOR FREIGHT SYSTEM *v.* HENRY ET AL.

[No. 16,533. Filed January 21, 1942. Rehearing denied March 5, 1942. Transfer denied April 28, 1942.]

180

182

*Myers & Reed,* of Muncie, for appellant.

*Ernest E. Chenoweth,* of Portland, and *McClellan & McClellan,* of Muncie, for appellees.

BEDWELL, P. J.—The appellee, Alva Henry, administrator of the estate of LeRoy Robbins, deceased, instituted this action against the appellant, Inter State Motor Freight System, the appellees, Virgil F. Cottongim, and Walter R. O'Neal, and one Leon Cottongim, to recover damages resulting to the widow and children of the decedent, LeRoy Robbins, because of his alleged wrongful death. Robbins was killed on October 2, 1936, while riding as a guest in an automobile being operated by one Fred Evans along Indiana State Highway No. 67. Such automobile, at about 11:30 p. m., on such date, ran into the rear of a trailer, which, with its attached motor truck, was parked upon the paved portion of such highway, and the fatal injuries of Robbins were received in such collision.

The complaint alleged, in substance, that on the 2nd day of October, 1936, the defendants, Inter State Motor Freight System, Virgil F. Cottongim, Leon Cottongim, and Walter R. O'Neal, controlled and operated a certain motor vehicle and trailer consisting of a truck or tractor to which the trailer was attached, and that said motor vehicle and trailer were being operated and driven upon Indiana State Highway No. 67, in a southwesterly direction, by the defendants between the City of Portland, Jay County, Indiana, and the City of Muncie, Delaware County, Indiana; that said defendants stopped said motor vehicle and trailer on the paved portion of said highway about the hour of 4:30 p. m. until about 7:00 a. m. of October 3, 1936, and that said defendants carelessly and negligently permitted said motor vehicle and said trailer to be and remain on said paved portion of said highway from sundown until the hour of midnight on said 2nd day of October, 1936, without displaying thereon any lights or danger signals of any kind to warn travelers on said highway of said danger and obstruction, and said defendants carelessly and negligently failed to place any flares of any kind to the rear of said obstruction on said highway as required by the laws of the State of Indiana, and said defendants carelessly and negligently failed and neglected to station any person or persons to the rear of said obstruction where travelers on said highway could be warned of the danger of said obstruction in time to prevent accident or injury.

The complaint further alleged, in substance, that on the 2nd day of October, 1936, plaintiff's decedent was riding as a guest in an automobile that was controlled and operated by one Fred Evans, and that said decedent was seated in the rear seat in such automobile and on the left side, and had no management or control

of its operation; that the automobile was being driven in a southwesterly direction on Indiana State Highway No. 67 in a careful manner and at a moderate rate of speed of 40 miles per hour, and that the automobile driven by Evans approached the motor vehicle and trailer that were stopped on such highway without any notice or knowledge of Evans and the other occupants of such automobile of said obstruction being so located, and while said automobile was being so operated it ran into and against the rear of such trailer with such force that plaintiff's decedent was fatally injured and almost instantly died.

It is further alleged that the fatal injury and death of plaintiff's decedent was caused solely by reason of the careless and negligent act of the defendants in permitting said motor truck and trailer to be and remain standing on such paved highway without displaying any lights on the rear of such trailer and without placing any flares or signals at the rear of said trailer, and without using ordinary care in placing some person or persons at the rear of said trailer at a distance where travelers on said highway could be warned of said danger and to plaintiff's damage in the sum of $10,000.

After plaintiff's action was instituted it was dismissed as against Leon Cottongim, but issues were completed by the plaintiff and the remaining defendants and the cause was submitted to a jury of the Delaware Circuit Court for trial and a verdict was returned on January 4, 1939. This verdict was in favor of the appellee, Alva Henry, administrator of the estate of LeRoy Robbins, deceased, and against the appellant, Inter State Motor Freight System, in the sum of $5,000. The verdict was silent as to the defendants and appellees, Virgil F. Cottongim and Walter R. O'Neal.

The appellant is relying for reversal upon the follow-

ing alleged errors which it contends the trial court committed, to wit:

(1)   Error in overruling its motion to make appellee's amended complaint more specific.

(2)   Error in overruling its motion to strike out parts of appellee's amended complaint.

(3)   Error in overruling its demurrer to appellee's amended complaint.

(4)   Error in overruling its motion for judgment in its favor notwithstanding the verdict of the jury.

(5)   Error in overruling its motion for a new trial.

(6)   Error in overruling its motion for a *venire de novo*.

The record shows that after the filing of appellant's motion to make the amended complaint of the appellee, Alva Henry, administrator of the estate of LeRoy Robbins, deceased, more specific, such appellee filed a second amended complaint and issues were closed and the cause tried thereon. The motion to make more specific was not refiled thereto. This second amended complaint took the place of the amended complaint to which appellant's motion to make more specific was addressed.

Where an amended complaint, complete in itself, is filed, it supersedes the prior complaint and no rulings made upon motions or demurrers addressed to the prior complaint are available as error on appeal. *Kirkpatrick* v. *Holman* (1865), 25 Ind. 293; *Humphrey* v. *City Nat. Bank* (1921), 190 Ind. 293, 130 N. E. 273; *Slifer v. Williard* (1922), 78 Ind. App. 88, 131 N. E. 87; *Watson* v. *Gary Street Railway Co.* (1938), 104 Ind. App. 656, 12 N. E. (2d) 976; *Williams* v. *Williams, Admr.* (1940), 217 Ind. 581, 588, 29 N. E. (2d) 557.

Appellant filed a motion to strike out parts of the second amended complaint of appellee. This motion

was overruled by the trial court. It is settled law that error on appeal cannot be predicated on the action of the trial court in overruling a motion to strike out a part or all of a pleading. *Lindley v. Sink* (1940), 218 Ind. 1, 30 N. E. (2d) 456; *Dickerson v. Dickerson* (1937), 104 Ind. App. 686, 689, 10 N. E. (2d) 424, 11 N. E. (2d) 514; *London & Lanc. I. Co. v. Comm. S. & L. Assn.* (1936), 102 Ind. App. 665, 670, 4 N. E. (2d) 688; *Rooker v. Fidelity Trust Co.* (1921), 191 Ind. 141, 159, 131 N. E. 769.

The appellant contends that its demurrer to appellee's second amended complaint should have been sustained and that the complaint was insufficient because it failed to show that the negligent acts of defendants were the proximate cause of the damage complained of, and because it affirmatively showed that the negligence of Fred Evans was the proximate cause of such damage. This contention is wholly without merit. The allegations of the complaint heretofore set forth fully show that appellant's contentions are not justified.

After the return of the verdict, the appellant filed a motion for a judgment in its favor notwithstanding the verdict. Attached to such motion was a memorandum which disclosed that the claimed basis therefor was the fact that the jury returned a verdict against the appellant alone and had made no mention of its codefendants, Virgil F. Cottongim and Walter R. O'Neal. Such motion further disclosed that appellant claimed that the evidence and pleadings established that the theory of the action was that a relationship of master and servant existed between the defendants, and that a verdict against appellant and exonerating its codefendants was self-contradictory.

It is well established by a number of decisions in

this State that where an action proceeds upon the theory that the relation of master and servant exists between the defendants, and that the master is liable solely because of the negligent acts of the servant, that a verdict in favor of the servant and holding the master guilty of negligence relieves not only the servant but the master from liability. *Zainey* v. *Rieman* (1926), 84 Ind. App. 480, 151 N. E. 625; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. (2d) 744; *United Transportation Co.* v. *Jefferies* (1937), 211 Ind. 226, 5 N. E. (2d) 524. These holdings are in accordance with the weight of authority in other states. Where a master and servant are joined as parties defendant in an action for injuries inflicted by the servant, a verdict which exonerates the servant from liability for injuries caused solely by the alleged negligence of the servant requires also the exoneration of the master. 35 Am. Jur., Master and Servant, § 534, p. 962; note in 78 A. L. R. 365.

But a verdict in favor of one servant does not bar a recovery against the master, where the evidence shows that the negligence of another servant who is not joined as a party, or who if joined as a party is not exonerated by the verdict, has caused the injury. Nor does the verdict in favor of a joined servant bar a recovery against the master where the latter has himself been guilty of acts on which, independently of the acts of the servant, liability may be predicated. *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. (2d) 744; *Lake Erie, etc., R. Co.* v. *Reed* (1913), 57 Ind. App. 65, 103 N. E. 127; *Mims* v. *Bennett* (1931), 160 S. C. 39, 158 S. E. 124, 78 A. L. R. 360, and anno. on p. 365.

The failure of the jury to render a verdict against the joined defendants, Virgil F. Cottongim and Walter

R. O'Neal, was equivalent to a verdict in their favor. *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 78, 10 N. E. (2d) 744; *Westfield Gas & Milling Co.* v. *Abernathy* (1893), 8 Ind. App. 73, 35 N. E. 399. But appellee, Alva Henry, administrator of the estate of LeRoy Robbins, deceased, contends that no question is presented for determination by this court by appellant's motion for a judgment in its favor notwithstanding the verdict. He asserts that a motion for judgment notwithstanding the verdict is unknown to the practice in the State of Indiana, and that here the court cannot pass upon the motion without considering the evidence and that the evidence is not in the record. It should be noted that there is no allegation in the complaint of the appellee Henry which shows the relationship of master and servant, employer and employee, or principal and agent, between the appellant and the appellees who were joined with appellant as codefendants. The complaint proceeded upon the theory that the defendants acted as joint tort-feasors. Joint tort-feasors are jointly and severally liable for their illegal acts and all or any number may be sued in one action, and a verdict may be returned and a judgment rendered against a part of those sued. *Jackson* v. *Record, Admr.* (1937), 211 Ind. 141, 145, 5 N. E. (2d) 897; *Kniola* v. *Kozlowski* (1921), 75 Ind. App. 2, 129 N. E. 489.

The appellee, to sustain his contention that a motion for a judgment notwithstanding the verdict is unknown to our practice, calls attention to the cases of *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, and *Lake Erie, etc., R. Co.* v. *Reed* (1913), 57 Ind. App. 65, 103 N. E. 127, which seem to sustain his contention, while the appellant calls attention to *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E.

(2d) 744, where this court reversed the action of the trial court and held that it erred in overruling an appellant's motion for judgment notwithstanding the verdict.

Our statutes recognize a judgment upon the pleadings notwithstanding the verdict (§ 2-2503, Burns' 1933), and a judgment on answers to interrogatories notwithstanding the general verdict (§ 2-2023 and § 2-2502, Burns' 1933), but they also provide (§ 2-2501, Burns' 1933), "When a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict."

In the case of *United Transportation Co.* v. *Jefferies* (1937), 211 Ind. 226, 5 N. E. (2d) 524, our Supreme Court considered an action against the owner of a taxicab and also a taxicab company for personal injuries received by a third person whose action was based upon the negligence of the taxicab driver, and proceeded upon the theory that such taxicab driver was the servant of both defendants engaged in a joint enterprise. The jury rendered a verdict against the taxicab company but in favor of the owner of the taxicab. The Supreme Court held that the verdict was contradictory and could not stand, but the question concerning the validity of the verdict was raised by assignment in appellant's motion for a new trial that the verdict was contrary to law.

In the case of *Holbrook* v. *Nolan, supra,* the action was against a master and servant, and the servant alone was guilty of the negligent acts which resulted in the plaintiff's injury, and under the allegations of the complaint the liability of the master arose because of the doctrine of *respondeat superior*. In passing upon the motion the court was able to determine it by considering solely the pleadings

and the verdict. It does not appear that the question was presented or determined as to whether a motion for judgment notwithstanding the verdict under the particular circumstances was proper. At common law, a judgment for the plaintiff, although a verdict had been rendered against him was known as "a judgment non obstante veredicto," and such judgment was originally enterable only in favor of the plaintiff, the remedy in favor of 'the defendant being confined to the arrest of the judgment. But now a motion for a judgment notwithstanding the verdict is generally available to all parties, either as a result of judicial relaxation of the common-law rule confining the remedy to the plaintiff, or as a result of express statutory provisions operating, not only as an adoption of the common-law motion by the plaintiff for judgment notwithstanding the verdict, but also as an extension of this remedy to the defendant as a substitute for the common-law motion in arrest of judgment. 30 Am. Jur., Judgments, § 52, p. 844; Encyclopedia of Pleading and Practice, Vol. 11, Judgments, pp. 912-913.

In cases where motions *non obstante* are filed, and it is sought to obtain a judgment on the answers to interrogatories notwithstanding the general verdict, every reasonable presumption is indulged in favor of the general verdict which will not be overthrown unless the conflict between the answers to interrogatories and the general verdict is so irreconcilable as not to be removable by any evidence legitimately admissible under the issues. And it is well established that in ruling upon such a motion the court will look only to the pleadings in the case, the general verdict and the answers to the interrogatories. *New York Central R. Co.* v. *Solomon* (1928), 88 Ind. App. 95, 161 N. E. 635; *Consolidated Stone Co.* v. *Summit* (1899),

152 Ind. 297, 53 N. E. 235. When a motion for a judgment on answers to interrogatories is general, the motion must be overruled if the answers are consistent with the general verdict under either paragraph of complaint. *W. McMillen & Son* v. *Hall* (1915), 59 Ind. App. 545, 109 N. E. 424; *Cleveland, etc., R. Co.* v. *Berry* (1899), 152 Ind. 607, 53 N. E. 415.

Assuming, but without deciding, that a motion for a judgment notwithstanding the general verdict may be filed and is a proper proceeding when it appears from the pleadings and the terms of the general verdict itself that the verdict is invalid, we know of no authority in this State which authorizes a motion for a judgment notwithstanding the general verdict when the determination thereof would require a consideration of the evidence. Here we find no irreconcilable conflict between the general verdict and the issues made upon the pleadings. A general verdict finds every material and issuable fact in favor of the prevailing party. It carries to its support all intendments, inferences, and presumptions which may be drawn from any evidence admissible under the pleadings. *Chicago & E. I. R. Co.* v. *Gilbert* (1935), 100 Ind. App. 365, 194 N. E. 186; *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 592, 128 N. E. 38, 128 N. E. 695; *W. McMillen & Son* v. *Hall* (1915), 59 Ind. App. 545, 558, 559, 560, 109 N. E. 424.

While the appellant filed a separate answer in two paragraphs and the appellees and defendants, Virgil F. Cottongim and Walter R. O'Neal, filed a separate and several answer in three paragraphs, the paragraphs of answer of the appellant and its codefendants, that were designated as affirmative paragraphs, did not confess and avoid the cause of action stated in the plaintiff's complaint. These affirmative paragraphs were but argu-

mentative general denials, and no facts were stated therein except such as were provable under their answers of general denial.

"Defenses in bar to all legal actions on contract, or for tort, may be separated into, *first,* those which deny that the plaintiff ever had the cause of action alleged, because either no *foundation* therefor ever existed, or if such *foundation* ever existed, it had been in some manner removed before the cause of action arose therefrom; and, *second,* those which admit that a cause of action once existed, but show that it no longer exists." Pomeroy's Remedies, § 644, quoted in Watson's Rev. of Works' Practice & Forms, Vol. 1, § 569, p. 418. An answer may be equivalent to a general denial although not in that form. An answer which does not confess and avoid the complaint, but states facts utterly inconsistent therewith, may be good as an argumentative denial. Watson's Rev. of Works' Practice & Forms, Vol. 1, § 571, p. 423.

The plaintiff's complaint having charged the defendants with three acts of negligence committed by them as joint tort-feasors, there was no conflict between the general verdict, which in legal effect found against the appellant and in favor of the appellees, Virgil F. Cottongim and Walter R. O'Neal, that arose from a consideration of the issues made by the pleadings. If such conflict existed it must have arisen because of evidence introduced at the trial. For reasons hereinafter set forth we are not permitted to consider the bill of exceptions containing the evidence for the purpose of determining whether error was committed. The trial court did not err in overruling appellant's motion for a judgment in its favor notwithstanding the general verdict.

The appellant, under its assignment that the trial court erred in overruling its motion for a new trial, seeks to question the sufficiency of the evidence to sustain the verdict and also contends that the verdict is contrary to law, and that the court erred in admitting certain evidence. But appellee Henry contends that the bill of exceptions purporting to set forth the evidence is not properly a part of the record and that we cannot consider any question where a determination thereof requires an examination of such bill of exceptions. It appears from the record that appellant's motion for a new trial was filed on the 27th judicial day of the January Term, 1939, of the Delaware Circuit Court, and that it was overruled on the 11th judicial day of the April Term, 1939, thereof. At the time of the overruling of such motion for a new trial no time was granted for the tendering or filing of any bill or bills of exceptions and the bill of exceptions containing the evidence was not filed during the April Term, 1939, of such court. It was filed on the 84th judicial day of the September Term thereof. The appellant admits that this is true, but it contends that it filed a motion for a *venire de novo* during the April Term, 1939, of such court and that such motion was not overruled until September 22, 1939, and during the September Term, 1939, of such court, and at the time of the overruling of such motion for a *venire de novo,* and at the time of the rendition of the judgment on the verdict, which date was September 22, 1939, the trial court granted the appellant eighty days time within which to file bill of exceptions, and that because of such action by the trial court and the rules of this court, then effective, this was sufficient to make the bill of exceptions containing the evidence a part of the record.

The rules of the Supreme and Appellate Court adopted June 21, 1937, and then effective, do not affect or change the statutory requirements or previous determinations of this and the Supreme Court as to when time must be granted by the trial court for the tendering of a bill of exceptions containing the evidence. § 2-3105, Burns' 1933, provides that the party objecting to any decision of the trial court must except at the time the decision is made, but time may be given to reduce the exception to writing but not beyond the term, unless by special leave of the court. It further provides, "That if a motion for a new trial shall be filed in a cause in which such decision so excepted to is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing." The evidence is not in the record. Time and again it has been determined by this and the Supreme Court that where a bill of exceptions containing the evidence is not tendered to the judge of the trial court for approval until after the term at which the motion for a new trial was overruled, such bill is not a part of the record, where the record does not show that any time was granted at the time of overruling the motion for a new trial for the tendering thereof. *Crouse* v. *Crouse* (1939), 106 Ind. App. 565, 21 N. E. (2d) 71; *Harker* v. *Eisenhut* (1937), 212 Ind. 67, 6 N. E. (2d) 936; *W. T. Rawleigh Co.* v. *Snider* (1935), 207 Ind. 686, 691, 194 N. E. 356; *Bolka* v. *File* (1931), 92 Ind. App. 454, 176 N. E. 108; *Ernsting* v. *Stegman* (1927), 86 Ind. App. 213, 156 N. E. 520; *Conover* v. *Cooper* (1925), 83 Ind. App. 675, 145 N. E. 779; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703.

The only ground specified in appellant's motion for a new trial that is presented by it under its Propositions, Points and Authorities, that does not require a consideration of the evidence for its determination, is alleged error of the trial court in giving to the jury of its own motion instruction No. 4. This instruction quoted the allegations of the complaint wherein the particular charges of negligence were contained and the allegations thereof which connected such charges of negligence with the fatal injuries of the plaintiff's decedent, and also quoted certain statutory provisions concerning the equipping of motor vehicles with at least two brilliant burning danger or caution signals, and the provisions of section 5, ch. 90, p. 653, of the Acts of 1933, concerning the parking of motor vehicles upon the traveled portion of any highway outside the corporate limits of any city or town, except in case of emergency, and then proceeded as follows:

"And the court instructs the jury that to entitle the plaintiff to recover in this cause it must have been proven by a preponderance of the evidence that said motor vehicle and trailer was stopped on the paved portion of the highway in question, and that said motor vehicle and trailer was carelessly and negligently permitted to be and remain on said paved portion of said highway from sundown until the happening of the accident in question on the 2nd day of October, 1936, without displaying thereon any lights or danger signals of any kind to warn travelers on said highway of said danger and obstruction, and that those in charge of said motor vehicle and trailer carelessly and negligently failed to place any flares of any kind to the rear of said obstruction on said highway as required by the laws of the State of Indiana, or that the defendants carelessly and negligently failed and neglected to station any person or persons to the rear of said obstruction after said motor vehicle and trailer had been parked on said highway and prior to the hap-

pening of the accident in controversy in this cause, whereby travelers on said highway could be warned of the danger of said obstruction in time to prevent accident or injury."

Appellant objects to the quoted portion of such instruction and says that thereby the trial court erroneously informed the jury that it was negligence to permit a motor vehicle and trailer to remain on the paved portion of a highway from sundown until the happening of the accident without displaying on the motor vehicle and on the trailer any lights or danger signals of any kind to warn travelers on the highway of said danger and obstruction, when the only legal duty upon the appellant was the placing of proper warning flares on the highway itself, and that it was unnecessary to have lights upon the vehicles. If the instruction of the trial court is carefully considered we believe that it is apparent that appellant has misconstrued the same. The trial court was not defining what was negligence, but was stating the particular charges of negligence the plaintiff was required to prove by a preponderance of the evidence before he could recover. Evidently, because the plaintiff had alleged in his complaint that the defendants had negligently permitted the motor vehicle and trailer to remain upon the highway without displaying any lights or danger signals thereon, and that they had negligently failed to place any flares of any kind to the rear of said obstruction on said highway, the court, by such instruction, told the jury that the plaintiff must prove both of these charges of negligence before he could recover. This was not harmful to the appellant.

Appellant filed a motion for a *venire de novo* and therein contends that the verdict is defective in that it

failed to find upon all of the issues and for and against all of the parties. The only defect specified is that the verdict was against appellant, but no mention was made of the appellees, Cottongim and O'Neal, who were joined as codefendants with appellant. As we have heretofore pointed out, the defendants were sued as joint tort-feasors. A verdict for a plaintiff in an action against several joint tort-feasors that is silent as to one of the joint tort-feasors is not defective so as to be subject to a motion for a *venire de novo*. *Alexandria Mining & Exploring Co.* v. *Painter* (1891), 1 Ind. App. 587, 590, 28 N. E. 113; *The American Express Company* v. *Patterson* (1881), 73 Ind. 430, 436. There is no question about the certainty of the verdict as far as the appellant is concerned. Where a verdict is certain as to the complaining party he cannot avail himself of its uncertainty as to others. *American Express Company* v. *Patterson* (1881), 73 Ind. 430, 436; *The H. G. Olds Wagon Works* v. *Coombs* (1890), 124 Ind. 62, 64, 24 N. E. 589; *Compton* v. *Jones* (1878), 65 Ind. 117.

No reversible error having been pointed out by appellant, the judgment is affirmed and it is so ordered.

NOTE.—Reported in 38 N. E. (2d) 909.