**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 22 2013, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHARLES E. JUSTISE SR.**
Michigan City, Indiana

ATTORNEY FOR APPELLEE
MARION COUNTY JAIL:

**BRANDON P. ELWARD**
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE INDIANA
DEPARTMENT OF CORRECTION:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES E. JUSTISE SR., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-PL-291 |
| | ) | |
| MARION COUNTY JAIL, INDIANA | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| JERRY HUSTON in his official capacity, | ) | |
| KAREN RICHARDS in her official capacity, | ) | |
| and STEPHEN HALL, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**May 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

STATEMENT OF THE CASE

Charles Justise appeals the trial court's denial of his motion for relief from judgment as well as a subsequent order rescinding the waiver of his filing fee and staying the proceedings until receipt of the fee. We affirm the denial of his motion for relief from judgment and dismiss the remainder of the appeal.

ISSUES

We consider two issues in this appeal:

I. Whether the trial court abused its discretion by denying Justise's motion for relief from judgment.

II. Whether we must dismiss the portion of the appeal relating to payment of the filing fee for lack of jurisdiction.

FACTS AND PROCEDURAL HISTORY

In July 2011, Justise filed a complaint against the Marion County Jail ("MCJ"), the Indiana Department of Correction ("DOC"), Jerry Huston in his official capacity, and Karen Richards in her official capacity. The complaint alleged the defendants denied him access to the courts and sought declaratory, injunctive, and monetary relief. The trial court waived Justise's filing fee upon request.

The MCJ moved for judgment on the pleadings in October 2011, and Justise responded in December 2011. Justise then moved for leave to file an amended complaint and tendered a proposed amended complaint, which named the DOC and Stephen Hall as the only defendants. On January 4, 2012, the trial court entered an order granting Justise's motion for leave to amend and granting the MCJ's motion for judgment on the pleadings. It thus dismissed Justise's complaint against the MCJ with prejudice, noted there was no reason for delay, and directed entry of a final judgment in the MCJ's favor.

On January 17, 2012, the DOC, Huston, and Richards filed a motion asking the court to reconsider its waiver of Justise's filing fee, and on January 23, 2012, Justise filed a motion for relief from the judgment dismissing the MCJ as a defendant. On March 2, 2012, the trial court held a hearing on both motions, denied Justise's motion for relief from judgment, and took the motion to reconsider waiver of the filing fee under advisement. On March 13, 2012, Justise filed a notice of appeal from the denial of his motion for relief from judgment.

On April 13, 2012, the trial court granted the DOC's motion, rescinded the waiver of the filing fee, noted that the matter would be dismissed if Justise failed to pay the fee by May 13, 2012, and stayed the proceedings until receipt of the fee. On June 15, 2012, Justise filed a notice of appeal from that order.[1]

---

[1] Although Justise has not paid the filing fee, the trial court has not dismissed the case.

## DISCUSSION AND DECISION

## I. DENIAL OF MOTION FOR RELIEF FROM JUDGMENT

Justise's January 23, 2012 motion for relief from judgment noted that the court's January 4, 2012 order stated that Justise had not responded to the MCJ's motion for judgment on the pleadings. He therefore enclosed a copy of his December 2011 response and requested that the MCJ be reinstated as a defendant.

Because Justise's denominated motion for relief from judgment was filed within the time period for filing a motion to correct error and because the issue raised therein is appropriate to a motion to correct error, we treat it as a motion to correct error. *See Houston v. Wireman*, 439 N.E.2d 732, 733 (Ind. Ct. App. 1982). In any event, we review either motion for an abuse of discretion. *See Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003) (reviewing ruling on motion to correct error for abuse of discretion); *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002) (reviewing ruling on motion for relief from judgment for abuse of discretion).

We find no abuse of discretion here. After the MCJ moved for judgment on the pleadings and Justise filed his response, Justise filed an amended complaint that named the DOC and Stephen Hall as the only defendants. "Where an amended complaint, complete in itself, is filed, it supersedes the prior complaint and no rulings made upon motions or demurrers addressed to the prior complaint are available as error on appeal." *Inter State Motor Freight Sys. v. Henry*, 111 Ind. App. 179, 38 N.E.2d 909, 911 (1942); *see also Irish v. Woods*, 864 N.E.2d 1117, 1119 n.2 (Ind. Ct. App. 2007) (filing of amended complaint supersedes original complaint). Justise's amended complaint, which

4

alleged the denial of both access to the courts and his religious rights, was complete in itself. It therefore replaced his original complaint. Because the MCJ was not named as a defendant in the amended complaint, Justise effectively abandoned his claims against the MCJ. We therefore conclude that the trial court did not abuse its discretion by denying Justise's denominated motion for relief from the judgment granting the MCJ's motion for judgment on the pleadings and dismissing the MCJ as a defendant.

## II. RESCISSION OF FILING FEE WAIVER

Justise also challenges the trial court's order rescinding its waiver of the filing fee. However, the order was not an interlocutory order appealable as a matter of right. *See Rowe v. Ind. Dep't of Corr.*, 940 N.E.2d 1218, 1220 (Ind. Ct. App. 2011) (dismissing appeal of denial of petition to waive filing fees and court costs where plaintiff failed to request discretionary interlocutory appeal), *trans. denied*. Because Justise did not request the trial court to certify its order for interlocutory appeal and then request this Court to accept jurisdiction, we must dismiss this portion of his appeal for lack of jurisdiction.

## CONCLUSION

We therefore affirm the trial court's denial of Justise's motion for relief from judgment and dismiss the remainder of the appeal.

Affirmed in part, dismissed in part.

KIRSCH, J., and MAY, J., concur.