Strebel *v.* Bligh—183 Ind. 537.

## STREBEL *v.* BLIGH.

[No. 22,463. Filed June 1, 1915. Rehearing denied October 13, 1915.]

1. INTOXICATING LIQUORS.—*Transfer of License.—Contract.*—In an action to enforce the performance of a contract granting to plaintiff the exclusive option and privilege to purchase a saloon business, together with the fixtures, stock, lease and license, the court on appeal from an interlocutory order appointing a receiver, can not say that the contract on its face was illegal, but the question of whether it amounted to an absolute unconditional sale and obligated the owner of the business to do more than to take the steps required by §8323n Burns 1914, Acts 1911 p. 244, authorizing the transfer of liquor licenses and providing the procedure to be followed, was a matter of construction for the trial court in the main action. p. 540.

2. INTOXICATING LIQUORS.—*Contract for Sale of Business.—Concurrent Oral Agreement.*—A written option for the purchase of a saloon business, including fixtures, stock, lease and license, is not affected by a concurrent oral agreement whereby the prospective purchaser was to conduct the business as agent for the owner until the sale and transfer could be completed. p. 541.

3. RECEIVERS.—*Interlocutory Appointment.*—*Effect.*—The appointment of a receiver *pendente lite* is not in any way a determination of any right or title of the litigants in the subject-matter of the controversy.   p. 541.

4. RECEIVERS.— *Interlocutory Appointment.*— *Appeal.*— Unless it clearly appears that the trial court abused its discretion in making an interlocutory appointment of a receiver, the appointment will not be set aside on appeal because of a possibility that the plaintiff may not recover judgment on final hearing in the main action.   p. 542.

5. RECEIVERS.—*Appointment.*—*Weight of Evidence on Appeal.*— Proceedings for the appointment of a receiver form no exception to the rule that the court on appeal will not weigh conflicting oral testimony.   p. 542.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Michael F. Bligh against Valentine Strebel. From an interlocutory order appointing a receiver, the defendant appeals.   *Affirmed.*

*Rabb & Mahoney* and *G. E. Ross,* for appellant.
*Long, Yarlott & Souder,* for appellee.

SPENCER, C. J.—This is an appeal from an interlocutory order appointing a receiver in an action by appellee against appellant for specific performance of a certain contract for the sale of a retail liquor business. The complaint alleges, in substance, that on July 23, 1913, appellant was operating a retail liquor saloon in the city of Logansport, under a liquor license which would expire on May 9, 1914; that he owned the stock of goods and the fixtures connected with said business, and held a lease on the premises in which said business was conducted, which lease would expire on December 31, 1917, and which contained a provision for the renewal thereof at appellant's option for a period of five years longer; that on said July 23, 1913, appellant executed the following option contract in writing:

"This memorandum witnesseth: That Valentine Strebel, of Logansport, Indiana, first party, does hereby give and grant to Michael F. Bligh, of Logansport, Indiana, second party, for and in consideration of the

sum of one ($1.00) dollar, the receipt of which is hereby acknowledged, the exclusive privilege and option to purchase the retail liquor business of first party now operated by him on Wall Street in the city of Logansport, together with all furniture, fixtures, stocks, lease, and license thereof, for and during a period of thirty days from this date. The price and value of said property and business under this option is to be determined as follows: Each of the parties hereto shall select a competent appraiser, and said two appraisers shall select a third, who shall proceed to determine the fair value of said property. Any price agreed upon by a majority or all of said appraisers to be accepted as final by both parties hereto as the basis of said purchase and sale, if this option is accepted by second party within said time. It is understood and agreed that the only property to be appraised is the furniture, fixtures, stock and license, and that said license is to be appraised at the face value of the unexpired term thereof, and that the lease of the room occupied by said first party with said business is also to be appraised at a reasonable sum under this option. Said appraisement and valuation shall be made within thirty days, and each party hereto agree to name their respective appraiser within ten days from this date. This option is not transferable by second party except with the consent of first party. In case of the acceptance of this option by second party within said thirty day period, first party agrees to surrender and deliver full and complete possession of all of said property to second party immediately upon payment of the established value thereof as hereinbefore set out in cash or its equivalent to the satisfaction of first party. Witness our hands to duplicate copies hereof this 23d day of July, 1913. Valentine Strebel. Michael F. Bligh.''

It is further averred that concurrently with the execution of said option appellant orally agreed that if appellee accepted said option appellant would immediately turn over to appellee the possession of said property and business and give him the control thereof and appoint appellee as appellant's agent to conduct said business until proper legal steps could be taken to secure a complete transfer of the license to conduct the same, and would pay appellee the net proceeds

of said business during said time; that pursuant to the terms of said option each of the parties to said contract selected appraisers to value said property, and they in accordance with the provisions of the contract appointed a third appraiser, and that said appraisers proceeded to and did value all of said property referred to in said option, and that thereafter appellee duly notified the appellant in writing of his acceptance of the terms of said option and made a tender to appellant of the full appraised value of said property and demanded of him the possession thereof. Further averments of the pleading show appellant's refusal to comply with the terms of said option contract and his continued operation of said saloon business as his own, all to appellee's injury through loss of profits rightfully belonging to him and through the commingling of the stock which he had purchased under said contract with new stock purchased by appellant. It is also alleged that appellee has secured the consent of the owner of said building to a transfer of the lease on said saloon room; that he is prepared to take the steps necessary to secure a transfer of said saloon license, and has in all things performed the conditions required of him by said option contract.

The trial court appointed the receiver as prayed for and appellant now challenges that action on the principal grounds, (1) that appellee could have no interest in the profits of the saloon business in the absence of legal authority to carry on such business; (2) that appellee, not being authorized to carry on the saloon business, was not entitled to the appointment of a receiver for the purpose of taking possession of appellant's saloon and operating the business and keeping an account of the profits; and (3) that the contract in question is illegal and can not be specifically enforced. This last contention is based on the theory that the absolute unconditional sale by a licensed retail liquor dealer of his "business and license" to one not authorized by law to engage in the business is a violation of

the public trust on which the licensee accepts the license. It must be borne in mind, however, that the legislature of 1911 made express provision for the sale and transfer of a liquor license. The enactment referred to (Acts 1911 p. 244, §8323n Burns 1914) provides that "any holder of any license, or renewal thereof may file with the board of commissioners of said county wherein such license was issued, a petition for permission to sell and transfer such license, or last renewal thereof, to some other person, copartnership or corporation, named in such petition", and designates the procedure to be followed in effecting such sale and transfer. See, also, §8323p Burns 1914, Acts 1911 p. 244, providing for the operation of a retail liquor business by a receiver. Whether the option contract executed by appellant obligated him to do more than to take the necessary steps required of him by the statute was a matter of construction to be determined by the trial court in the main action. We can not agree that the contract on its face is illegal and must over-

2. rule appellant's contention on that point. Nor is it material that the complaint also sets out an alleged oral agreement relative to agency which was entered into concurrently with the written option. Where, as in this case, there is a formal written contract which appears to be complete within itself, it will be presumed to be the repository of the final intentions of the parties in regard to the subject-matter of the agreement. Oral declarations relative thereto will be disregarded and the rights of the parties determined as they appear from the written instrument. *Diven* v. *Johnson* (1889), 117 Ind. 512, 516, 3 L. R. A. 308, and cases cited.

Appellant's first and second propositions are met by the rule which is thus stated in *Mead* v. *Burk* (1901), 156 Ind.

3. 577, 580: "The court by its order appointing a receiver *pendente lite* does not thereby determine or attempt to determine any right or title of the litigants to the property in controversy, as the appointment is made

for the benefit of all   *   *   *   and not to inquire into the merits of the principal action.'' The respective rights of the several parties are preserved as they existed when the receiver was appointed but are ordinarily not determined judicially until the final hearing in the matter. *Mueller* v. *Stinesville, etc., Stone Co.* (1900), 154 Ind. 230, 234; *American Trust, etc., Bank* v. *McGettigan* (1899), 152 Ind. 582, 71 Am. St. 345.

Unless it is clear that the trial court has abused its discretion in appointing a receiver, the appellate tribunal will not set aside such appointment because of a possibility
4.   that the plaintiff may not recover a judgment on final hearing in the principal suit. *Levin* v. *Florsheim & Co.* (1903), 161 Ind. 457; *Bitting* v. *Ten Eyck* (1882), 85 Ind. 357.

It is not necessary to set out in this opinion the evidence on which the Cass Circuit Court appointed a receiver in this case. It is enough to say that it fully sustains
5.   the action taken and, in any event, proceedings for the appointment of a receiver form no exception to the rule that this court will not weigh conflicting oral testimony. *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 300, 87 Am. St. 207.

The order appointing the receiver is affirmed.

Lairy, J., not participating.

NOTE.—Reported in 109 N. E. 45. What are unlawful sales of intoxicating liquors, see 12 Am. St. 353. Right to assign or transfer liquor license, see Ann. Cas. 1913 A 461. Supplementing written contract by proof of collateral oral agreement, see 2 Ann. Cas. 146. See, also, under (1) 3 Cyc. 229; 23 Cyc. 154; (2) 17 Cyc. 607; (3) 34 Cyc. 180; (4) 3 Cyc. 330; (5) 3 Cyc. 366.