## ZAINEY v. RIEMAN.

[No. 12,419.   Filed April 22, 1926.]

1.   EVIDENCE.—*Testimony that person in charge of work for defendant stated, in absence of defendant, that he was working as foreman and paid by the hour, not admissible to show that he was an employee and not an independent contractor.*—In an action for personal injuries resulting from negligence in erecting an unsafe scaffold, testimony that the person in charge of the work for the defendant, in the absence of the latter,

stated that he was working as a foreman and getting paid by the hour the same as the other men on the job, was inadmissible, over defendant's objection, and not to be considered in determining whether he was an employee or an independent contractor. p. 482.

2. NEGLIGENCE.—*Testimony that defendant's employee stated, in defendant's absence, that he was working as foreman and paid same as other employees, insufficient to sustain finding that he was employee and not independent contractor.*—In an action for personal injuries charged to have resulted from the negligence of defendant's employee, testimony that the latter, in defendant's absence, stated that he was working as a foreman and paid by the hour the same as the other men on the job, was not sufficient to sustain the finding that he was an employee and not an independent contractor. p. 482.

3. MASTER AND SERVANT.—*Verdict in favor of servant whose negligence is alleged to have caused injury sued for precludes recovery against the master.*—Where the cause of action sued on is based on the alleged negligence of a servant, who is made a defendant, and the jury returns a verdict in his favor, there can be no recovery against the master. p. 483.

From Marion Superior Court (A 16,563) ; *James Mc-Donald*, Special Judge.

Action by David F. Rieman against Abraham F. Zainey and another. From a judgment for plaintiff against the named defendant only, the latter appeals. *Reversed.* By the court in banc.

*C. E. Fenstermacher*, for appellant.

*Charles A. Messmore* and *Murat W. Hopkins*, for appellee.

McMAHAN, J.—This is the second appeal in this case. See same title, 81 Ind. App. 74, 142 N. E. 397, where the facts as alleged in the original complaint and as proved on the first trial are set out. After the reversal, appellee filed an amended complaint making William Hickman a defendant. The original complaint alleged that appellee was employed by appellant as a carpenter to assist in building a certain house and that, while en-

gaged in that work, he was injured by reason of the negligence of appellant in furnishing and providing an unsafe scaffold. The amended complaint is, in substance, the same as the original complaint. The only difference is that the amended complaint alleges that appellant, by and through Hickman, failed to provide a safe scaffold; that the scaffold so furnished broke and that appellee was injured as a result thereof.

The theory of the amended complaint is that Hickman was the agent and servant of appellant; that Hickman was negligent in erecting the scaffold and that appellant was liable because of Hickman's negligence. The jury returned a verdict in favor of Hickman, thus finding that he was not negligent. Notwithstanding the jury found Hickman was not negligent, it returned a verdict against appellant, and the court having rendered a judgment on this verdict, appellant appeals and contends the court erred in overruling his motion for a new trial.

A witness for appellee, over the objection of appellant, testified that Hickman, in the absence of appellant, said he was working on the house as a foreman and getting paid by the hour the same as the other men who were working on the house. This evidence would have been proper for impeaching Hickman if the proper foundation had been laid. But it was not admitted for that purpose. It was admitted for the purpose of proving that Hickman was an employee of appellant and not an independent contractor. The testimony of appellant and Hickman on the second trial is the same as that given by them on the former trial, and which, on appeal, was held to show that Hickman was an independent contractor and the judgment was reversed for the reason that appellant was not liable for the negligence of Hickman. Appellee, on this

appeal, contends that the statement of Hickman, made in the absence of appellant and introduced over his objection, is sufficient to sustain a finding that Hickman was not a contractor, but was an employee of appellant working by the hour the same as appellee. This contention cannot prevail. The evidence on the second trial, like that given on the first trial, without conflict shows there is no liability on the part of appellant.

Appellee's complaint and cause of action being based on the alleged negligence of a servant, and the jury having returned a verdict in favor of the servant, 3. it follows that there can be no recovery against appellant. For the effect of a verdict and judgment in favor of Hickman, see *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467; *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Lake Erie, etc., R. Co.* v. *Reed* (1913), 57 Ind. App. 65, 103 N. E. 127.

Judgment reversed.