UNITED TRANSPORTATION COMPANY ET AL. *v.*
JEFFERIES ET AL.

[No. 26,816. Filed January 13, 1937. Rehearing denied
February 22, 1937.]

*George A. Henry, Connor D. Ross* and *V. Ed. Funk,* for
appellants.

*White & Jones* and *Albert Fishman,* for appellees.

ROLL, J.—Appellee Rebecca Jefferies brought this action against appellant United Transportation Company and the appellee Fred Cook, to recover damages for personal injuries alleged to have been sustained by her as a result of an automobile accident.

The complaint is in one paragraph and alleges in substance that appellant, United Transportation Company, an' Indiana corporation, and appellee Fred Cook owned and operated an automobile and were on or about August 15, 1931, engaged in running and operating a taxicab for hire in the city of Indianapolis, Indiana.

The complaint further alleged:

"That at about 9:00 o'clock p. m., on the 15th day of August, 1931, this plaintiff entered the said

taxicab owned by the defendants, which was being run and operated by a driver who was then and there the agent and servant of the defendant herein, and was then and there acting within the line of his duty and the scope of his employment."

It is further alleged:

"Plaintiff further alleges that at the time herein mentioned, the agent and servant of the defendants was then and there driving the said taxicab in which this plaintiff was riding, in a southerly direction on said Illinois Street, there was an automobile being driven in a southerly direction and directly in line with and in front of said taxicab, on said Illinois Street; that the agent and servant of the defendants, who was then and there driving the said taxicab, carelessly and negligently turned his automobile to the left and drove around and passed the automobile which was being run and operated in front of the said taxicab, and then turned his taxicab to the right and immediately in front of the automobile which was being driven southward, as aforesaid; that at the time herein mentioned, the agent and servant of the defendants drove said taxicab in front of the automobile as aforesaid, there was an automobile parked on the west side of said Illinois street; that said automobile was parked as what is commonly called double parked; that said automobile was standing about ten to twelve feet to the east from the west curb line of said Illinois Street; that the agent and servant of the defendants drove said taxicab at the rate of thirty-five miles per hour, around and in front of the car which was being driven in a southerly direction, on said Illinois Street, as aforesaid; that on account of the excessive speed of said taxicab as heretofore mentioned and driving in front of the automobile heretofore mentioned and too close to said parked automobile, the driver of said taxicab was unable to stop the said taxicab and avoid striking said parked car; that when the agent and servant of the defendants saw the said automobile parked as aforesaid, he, without any warning to the plaintiff, suddenly applied the brakes on said taxicab, and thereby crashed into the automobile parked on said Illinois Street, as aforesaid; that as a result of the applying the brakes on said taxicab, suddenly, and

the crashing into the automobile parked as aforesaid, plaintiff was thrown with great force and violence forward and against the back part of the front seat in said taxicab; that plaintiff was thrown against the side of said taxicab, and to the floor thereof, thereby injuring this plaintiff in the following, to-wit:"

Plaintiff then set out a description of the injuries she received to her right knee and head and alleged injury to her nervous system and asked for damages in the sum of ten thousand ($10,000.00) dollars.

The cause was submitted to a jury and the following verdict was returned:

"We, the jury, find for the plaintiff Rebecca Jeffries and against the defendant United Transportation Company, and we assess plaintiff's damages at the sum of $5,000.00 dollars and we further find for the defendant Fred Cook."

Judgment was rendered in favor of appellee Rebecca Jefferies and against the United Transportation Company, and in favor of appellee Cook in accordance with the verdict.

Appellants' motion for a new trial was overruled and this appeal followed.

The errors assigned are: (1) That the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) damages assessed are excessive; (4) error in giving certain instructions; (5) error in admitting and excluding certain evidence. Other errors are assigned that need not be stated here.

The evidence discloses that appellant corporation was organized under the laws of Indiana, and operated in the city of Indianapolis. That it maintained a central telephone office and also branch telephones erected on telephone poles located in different sections of the city to which it relayed calls for cab service. The place where a telephone was maintained was called a station. That different owners of automobiles would become what might be called customers of the appellant com-

pany by paying a monthly sum, which would entitle them to stop at any of the telephone stations maintained by appellant, and if they were first in line they would receive the telephone call that might come to that station. Appellee Cook was one such customer of appellant. He owned his own car, upon which was painted "United Taxi No. 43." That he paid appellant the sum of $23.00 per month to drive (as he said) in the United Transportation Company. That he purchased his automobile licenses and paid for them himself. That the appellant secured the taxi license for him, but that he gave it the money with which to pay for them. That he operated the taxi himself through the day, and employed a driver to drive his car at night. No one had any control over the operation of the car except himself. There is no contention that appellant company owned the automobile in which appellee Jefferies says she rode on the night of August 15, 1931, or that they exercised any control over it or the driver at any time. The only relation between appellant and appellee Cook was, as above stated. Appellee Cook could avail himself of the privilege he had of driving to appellant's station or any of them and wait until he was advanced to the front of the line and receive the next call, or he could drive wherever he so desired or he could go home and not drive at all. On the night in question, and for some time prior thereto appellee Cook had employed one Percy McClintic as his night driver. That he employed him, paid him out of his own money and exercised all authority over the driver; that appellant had no control over the driver; did not contribute in any way to his pay or have any relation whatever with the driver of the car. The above evidence is not contradicted nor disputed.

The rest of the evidence is in conflict, but appellee Jefferies testified that she and two other persons came out of the Ohio theatre about 9:00 o'clock p. m. on the night of August 15, 1931, and walked westward and

across Illinois street, to the south side of Ohio street and a short way west of Illinois street and that she and her two companions got in the taxi, which was marked United Taxi No. 43, and the driver was told to drive them to 846 South Illinois street; that the driver drove east on Ohio street to Illinois; south on Illinois and across Georgia street; that shortly after they had crossed Georgia street, the driver of the taxi attempted to go around a truck that was also going south, and he did go around the truck and as the driver of the cab turned in front of it, he ran into the rear of an automobile that was double parked on the west side of Illinois street, all as alleged in the complaint, causing injury to plaintiff which she sets out in her complaint.

Percy McClintic testified that appellee Jefferies was not in his taxi that night at all. That he did not drive on south Illinois street that night. That he drove on the north side of the city between Washington street and 38th street. That his taxi was in no wreck at all on that night. Appellee Cook testified that the next morning he examined his automobile and no damage was done to his car, no front fenders mashed, no head lights broken, and no marks on the front end of his automobile. But taking appellee Jefferies'. version as true, is she entitled to the verdict rendered in this case? We think not:

It will be noted that this action is based upon negligence of a servant. The negligence complained of was the negligence of the driver of the taxicab. The plaintiff seeks to recover, not because of any act or acts or omissions of either of the defendants themselves but because of the alleged negligence of the driver of the taxicab as the agent and servant of the United Transportation Company and Fred Cook. The evidence very clearly and without contradiction establishes the fact that Percy McClintic was the driver of Cab No. 43, owned by Fred Cook, on the night in question, and was

the agent and servant of the said Fred Cook, and was on said night acting within the scope of his employment. Appellee contends in her brief that Percy McClintic was also the agent and servant of the appellant, on the theory that appellant and Fred Cook were engaged in a joint enterprise, to wit, operating a taxicab. If it be granted that appellant and appellee Cook were at the time in question engaged in a joint enterprise it must follow that, if Percy McClintic was the agent and servant of appellee Fred Cook, and was acting within the scope of his employment at the time of the alleged accident, he was also the agent and servant of appellant and was at the time acting within the scope of his employment. It necessarily follows that if appellant is liable for damages occasioned by the negligent acts of the driver Percy McClintic, appellee Fred Cook would also be liable, and conversely, if appellee Fred Cook was not liable appellant would not be liable.

The jury by its verdict found for appellee Fred Cook, which has the legal effect of saying that Fred Cook was not guilty of negligence. Inasmuch as the acts of the agent and servant while acting within the scope of his employment is the act of the principal himself, the verdict also has the effect of a finding that Percy McClintic, the agent, was not negligent. If Percy McClintic was not guilty of the negligence complained of there is no negligence that can be imputed to appellant, for the only negligence mentioned in the complaint was the negligence of the driver of the car. The verdict therefore contradicts itself and cannot stand. *Indiana Nitroglycerine & Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; *Zainey* v. *Rieman* (1926), 84 Ind. App. 480, 151 N. E. 625, and cases there cited.

We therefore hold that the judgment is contrary to law. Judgment reversed with instructions to grant appellants' motion for a new trial.