HOLBROOK *v.* NOLAN ET AL.

[No. 15,552. Filed November 2, 1937. Rehearing denied January 3, 1938. Transfer denied March 22, 1938.]

76

*Eggeman, Reed & Cleland* and *Flanagan & Murphy,* for appellant.

*James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Mentor Kraus* and *J. A. Bruggeman,* for appellees.

CURTIS, J.——This opinion supersedes the opinion of this court rendered on May 26, 1937, 8 N. E. (2d) 424, a petition for rehearing having been granted on November 2nd, 1937.

This was an action by the appellee Phyllis Ann Nolan by her next friend against the appellant and the other appellee, Margaret Weidner, for damages for personal injuries alleged to have been sustained as the result of the negligent operation of an automobile owned by the appellant and being driven at the time by the appellee Margaret Weidner, the employee of the appellant, upon the appellant's business and at his request. The complaint was in one paragraph and was answered in gen-

eral denial. We deem it advisable to set out the body of the complaint. It is as follows:

"Plaintiff complains of the defendants and alleges and says that on the 5th day of August, 1933, about 2:45 p. m., the defendants were operating an automobile on West Wayne Street, a public highway in the city of Fort Wayne, Allen County, Indiana, in a careless, reckless and negligent manner in this, to-wit, the defendant, Margaret Weidner, was driving a Chevrolet sedan belonging to the defendant, H. H. Holbrook, in an easterly direction in the two hundred block on said street, without keeping a good and sufficient lookout, and on that side of the street which is to the operator's left; that at said time and place the defendant, Margaret Weidner, was engaged in transporting certain dental supplies to the office of her employer, the defendant, H. H. Holbrook, at his special instance and request.

"Plaintiff further alleges and says that as a direct and proximate consequence of said carelessness, recklessness and negligence, the said Chevrolet sedan was driven into and against an automobile in which she was riding as a passenger in a westerly direction on said Wayne Street and that without any fault on her part she was severely and permanently injured in this, to-wit, she suffered a nervous shock and concussion of the brain, and received unsightly scars on her face, all to her damage in the sum of two thousand dollars ($2,000.00).

"Wherefore, she sues and demands judgment in the sum of two thousand dollars ($2,000.00), and for all other just and proper relief."

On January 9, 1935, the cause was submitted to a jury for trial. The verdict was in favor of the appellee Nolan and against the appellant Holbrook, but no verdict was returned either for or against the appellee Weidner. On the 14th day of January, 1935, the appellant filed a motion for judgment notwithstanding the verdict, which was later overruled with an exception reserved, and on January 31, 1935, the appellee Nolan

filed a motion for new trial against Weidner. On February 11, 1935, which was the day the appellant's said motion for judgment was overruled, the court sustained the motion of appellee Nolan for a new trial as against Weidner. On the same day the appellant and the appellee Weidner filed their separate and several motions for a *venire de novo*. On April 8, 1935, the court overruled said motion for *venire de novo* with an exception reserved to the appellant, and entered judgment for the appellee Nolan as against the appellant Holbrook on the verdict of the jury. Before judgment the appellee Nolan dismissed as to the appellee, Weidner. From the said judgment this appeal was prosecuted. The verdict was as follows: "We, the jury, find for the plaintiff and against defendant H. H. Holbrook, and assess her damages in the sum of four hundred fifty dollars." The judgment followed the verdict.

The errors relied upon for reversal are as follows: "(1) The court erred in overruling appellant's motion for judgment notwithstanding the verdict. (2) The court erred in overruling appellant's motion for a *venire de novo*."

It is to be noted from a reading of the verdict that it is silent as to the appellee Weidner. Such a verdict is equivalent to a verdict in her favor. See *The Westfield Gas & Milling Company* v. *Abernathy* (1893), 8 Ind. App. 73, 35 N. E. 399. The theory of the complaint is based upon the doctrine of *respondeat superior*. The general law applicable to ordinary joint tort feasors is not applicable in the instant case. The law applicable herein is as stated in the Westfield Gas case, *supra,* as follows (p. 79):

"There are some exceptions to these general rules. There are cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet, as between themselves, some of them may not be wrongdoers at all, and they may

compel the other wrongdoers to respond for all the damages. There are many cases where the wrong is unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others; as, for instance, where a servant, at the command of the master, commits a tort, there is a liability over in favor of the servant against the master; or, if the master has been compelled to pay for the wilful misconduct of his servant, he may have recourse against his servant.

"There is a marked distinction between the tort and the liability arising from the tort. The liability as between the plaintiff and the defendants is always several, but the wrong itself may be jointly done, or severally done, by the defendants. If it be jointly done, the defendants are joint tort-feasors. If it be severally done, that is, without any concert of action between them, they are several tort feasors."

If the liability in the instant case was that of joint tort feasors then a judgment could have been entered in favor of the appellee Weidner and against the appellant but such is not the situation herein as shown by the pleadings. See also *Everroad* v. *Gabbert* (1882), 83 Ind. 489; *Indiana, etc., Torpedo Company* v. *Lippencott Glass Company* (1905), 165 Ind. 361, 365, 75 N. E. 651, where it is said, "There could be no responsibility upon the part of appellant under the facts pleaded in said paragraph, viewing it as an action for negligence, unless Clark, its servant, was also negligent; and a verdict against the former and in favor of the latter would, under the allegations of the paragraph have been self-contradictory." This court in the case of *Zaney* v. *Ruman* (1926), 84 Ind. App. 480, 483, 151 N. E. 625, in a similar situation said "Appellee's complaint and cause of action being based upon the alleged negligence of a servant, and the jury having returned a verdict in favor of the servant, it follows that there can be no recovery against appellant." See also *Pinkus* v. *Pittsburgh, Cincinnati, Chicago & St.*

*Louis R. R. Company* (1917), 65 Ind. App. 38, 114 N. E. 36; 18 R. C. L. §247, page 786. The fact that the appellee Nolan dismissed the cause of action as to Weidner after the verdict can be of no avail to cure the verdict because the theory of the complaint is that the appellant is to be held responsible in damages only upon the negligence of his said employee whom the verdict in effect held blameless.

From what has been said and from the decided cases it is clear that the judgment against the appellant can not be allowed to stand and it is accordingly reversed and the trial court is directed to set said judgment aside and enter a judgment for the appellant notwithstanding the verdict.

Kime, J., and Laymon, J., dissent.