ANDERSON ET AL. *v.* KINSER ET AL.

[No. 30,000. Filed April 11, 1961.]

*Lewis, Weiland, Payne & Carvey,* of Indianapolis, and *Bolton, Holmes & Watson,* of Tipton, for appellants.

*Robison & Robison, Robert K. Ryan,* both of Frankfort, and *Wilson Wheatley,* of Tipton, for appellees.

ARTERBURN, J.—The appellees, alleging to be stockholders and subscribers of the Manson Telephone Company, Inc., brought this action to obtain the appointment of a receiver for the defendant rural telephone company for the purpose of "winding up its affairs . . . protecting the property . . . and for all other proper relief in the premises."

The action was brought against both the Manson Telephone Company, Inc. and the Peoples' Co-Operative Telephone Company of Manson, Indiana. The complaint alleges that the Peoples' Co-Operative Telephone Company filed "Articles of Acceptance" under the General Corporation Act of 1929 and thereafter filed Articles of Reorganization thereunder, by which it changed its name from the Peoples' Co-Operative Telephone Company of Manson, Indiana to Manson Telephone Company, Inc., and that the local rural telephone company

was now owned and operated by the corporation under the name of Manson Telephone Company, Inc.

It was further alleged that the local telephone company was involved in a contest over management; that an "executive committee" had been formed without authority which was presuming to take over the management and collect dues and fees from various subscribers in opposition to the attempts of the legally authorized officers of the corporation; that such executive committee had collected a substantial amount of said fees and money; that confusion resulted and that the assets of the corporation were being dissipated; that a deadlock existed in the management of the corporation's affairs; that said corporation was so small that it economically could not operate at a profit and that a receiver should be appointed for the purpose of taking charge of its assets, winding up the affairs of the corporation and legally disposing of its assets.

Upon trial the evidence showed that an executive committee of unknown origin and authority had presumed to take over the management of the corporation and collect dues and fees where possible, leaving many subscribers in a state of confusion as to who were the proper managers of the corporation.

The testimony of various witnesses shows that the corporation was having financial difficulties by reason of the activities of the "executive committee" and also because of the breakdown and lack of repair of its lines and property following recent storms. It was also shown that there were opportunities to merge or sell the property to larger telephone companies.

The appellants contend that since no answer was filed to the complaint that the relief granted could not be larger than that prayed for in the complaint, and in that connection point out that the judgment rendered

placed not only the Manson Telephone Company, Inc., but also the Peoples' Co-Operative Telephone Company of Manson, Indiana, in receivership. The appellants rely upon Burns' Ann. St., §2-1057 (1946 Repl.) which states if no answer is filed, the relief may not exceed that demanded in the complaint.

The evidence shows that the present corporation began its existence under the name of Peoples' Co-Operative Telephone Company of Manson, Indiana, and that it is one and the same corporation which later changed its name to Manson Telephone Company, Inc. Placing the corporation into receivership under both names did not grant any greater relief than that asked for in the complaint. We have no question presented under the statute cited. *Johnson* v. *Briscoe* (1883), 92 Ind. 367; 1 Lowe's Revision, Works' Indiana Practice, §15.87, 644-45 (4th ed. 1947).

It is next urged that there is no evidence that the Manson Telephone Company, Inc. owns the property of the local telephone company at Manson, Indiana. The evidence does reveal that the property was formerly that of Peoples' Co-Operative Telephone Company of Manson, Indiana, and further shows that the Peoples' Co-Operative Telephone Company of Manson, Indiana, being the original owner of the property, filed "Articles of Acceptance" on March 19, 1957 with the secretary of state, under which it accepted the provisions of the General Corporation Act of 1929.

It is also shown that "Articles of Reorganization" were thereafter filed by this same corporation, in which its corporate name was changed to Manson Telephone Company, Inc. This evidence sustains the judgment of the trial court. It is true, there is evidence to the contrary, including some questions with reference to what

a poorly-kept minute book did or did not contain on the subject matter.

Where an organization has operated for a number of years as a corporation and rights have been acquired and established, at least a de facto corporate existence is strongly implied. Its existence generally (with exceptions not applicable here) can be questioned only by the state directly in a quo warranto action. *Western Machine Works* v. *Edwards M. & T. Corp.* (1945), 223 Ind. 655, 65 N. E. 2d 535.

On appeal, we must view the evidence most favorably in support of the finding and judgment of the trial court. *Indianapolis Dairymen's Co-op.* v. *Bottema* (1948), 226 Ind. 237, 79 N. E. 2d 399; *Strebel* v. *Bligh* (1915), 183 Ind. 537, 109 N. E. 45.

Our attention is not directed to any objections which were made to the introduction in evidence of the "Articles of Acceptance" and "Articles of Reorganization" when they were offered as exhibits at the trial and became part of the evidence in the trial of the cause. With such certificates before it, we can only hold that the trial court's finding and judgment was sufficiently supported by the evidence in that respect.

Burns' Ann. St. §25-242 (1960 Repl.) provides that a corporation may be involuntarily dissolved by a judgment of a court when it appears (among other grounds) that:

> "(6) The shareholders or directors are deadlocked in the management of the corporate affairs and the corporation is suffering, or is about to suffer, irreparable injury by reason thereof.
>
> . . . . .
>
> "The court having jurisdiction of any such proceeding, in addition to the ordinary powers of such

court, shall have full power to appoint a receiver or receivers, issue injunctions and make such other and further orders as may be required to protect the property or rights of the interested parties, or to make distribution of the corporation's assets to the parties entitled to receive them. . . ."

Burns' Ann. St. §3-2601 (1946 Repl.) also provides for receiverships of corporations which are insolvent or in imminent danger of insolvency and on the general equitable principles "to secure ample justice to the parties."

Although the evidence is conflicting in many respects in this case, we must accept that most favorable to the finding and judgment of the trial court. The evidence is sufficient to support the judgment of the receivership and the order appointing a receiver by the trial court.

Judgment is affirmed.

Bobbitt, C. J., and Landis and Achor, JJ., concur.

Jackson, J., concurs in result.

Note.—Reported in 173 N. E. 2d 914.