KIRKUM ET AL. *v.* KASPRZAK ET AL.
KIRKUM ET AL. *v.* KOEHLER ET AL.

[Nos. 29,996, 29,997. Filed October 24, 1961.]

*Samuel Schulman,* of South Bend, *F. LeRoy Wiltrout,* and *Raymer & Wiltrout,* of Elkhart, for appellants.

*Milton A. Johnson, David B. Weisman,* and *Jones, Obenchain, Johnson, Ford & Pankow,* all of South Bend, for appellees.

JACKSON, J.—These two causes were consolidated for the purpose of trial, were consolidated on appeal, and will be so treated in this opinion. Cause No. 29,996 was an action in habeas corpus to gain the custody of appellants' minor child, Cheryl Kirkum and cause No. 29,997 was an action in habeas corpus to obtain the custody of appellants' minor child, Desma Kirkum. The record discloses that the appellant Joyce Kirkum and the appellees, Phyllis Kasprzak and Mary Koehler, are sisters. Due to the fact that the pleadings in both cases, complaint, writ, return, answer, motion for new trial and assignment of errors are practically identical other than for the names, the evidence is the same, and the issues are the same, we will, for the sake of brevity, discuss more fully only pleadings and issues in cause No. 29,996, such discussion and determination applying to both causes.

Appellants filed their verified petition for a writ of habeas corpus in the trial court, such petition in pertinent part reads as follows:

"1. Petitioners are husband and wife and Cheryl Kirkum is their minor child, aged four years, lawfully born of said marriage. That they are lawfully entitled to the possession of said child.

"2. That Arthur Kasprzak and Phyllis Kasprzak have taken possession of said child and now restrain her of her liberty and deprive your petitioners of the possession of said child by forcibly confining her in their dwelling situated at 1313 N. Adams St., in the City of South Bend, St. Joseph County, Indiana.

"3. That petitioners have not been deprived of the custody of said child by any court or agency or department.

"4. That said restraint is wholly unlawful and without right and without pretense of right or without any process of law."

A writ was issued commanding the respondents to produce the said Cheryl Kirkum before the Judge of the St. Joseph Superior Court No. 1, at the court house in the City of South Bend on the 4th day of August, 1960.

To the writ the appellees filed a verified return alleging:

"1. [T]hat Cheryl Kirkhum mentioned in the Writ of Habeas Corpus issued herein, is detained by them . . . that . . . Phyllis Kasprzak is the sister of the plaintiff, Joyce Kirkum; that the petitioners voluntarily delivered said child to these defendants and respondents herein and turn [turned] the care of said child voluntarily to these defendants; that they desire to have and are entitled to the custody of said Cheryl Kirkum and that they do restrain her but they have lawfully restrained her for the best interests of said child.

"2. That said plaintiffs are not fit and proper persons to have the care, custody and control of said child for each of the following reasons:

"A. That they are not properly maintaining a household which is fit and suitable for minor children in that the petitioner, Joyce Kirkum, entertains men other than her husband in her home and that her home is not kept clean and in an environment conducive to the rearing of children.

"B. That she permits and has permitted for more than four years a child from the age of eight to twelve being another child of the parties to act as a baby sitter and has permitted said children to remain in said home at times when no one else was present, . . . .

"C. That she has not properly cared for her children by furnishing them good and nutritious meals.

"D. That she permitted a neighbor to care for said child and raise [raised] no objection when as punishment said neighbor has used the toilet bowl in which to place a child's head and flush the toilet bowl as discipline.

"E. That she has not properly given the said child proper medical attention and has not given said child any preventive innoculations of any kind since her birth.

"F. That the parents of said children have not purchased clothing or other necessities for said children but said matters have always been furnished by others.

"H. That said petitioners make no effort to see that said children are given any religious training of any kind or character.

"I. That the parties do not attempt to discipline said children in any manner whatsoever.

"J. That as to the child in the custody of your respondents the parents have repeatedly stated that they are not interested in such child.

"3. That said respondents now produce the body of said Cheryl Kirkum in court together with said writ as they are therein commanded."

To the appellees' return the appellants filed their answer which, omitting the caption and signatures, reads as follows:

"The plaintiffs for Answer to the Return to the Writ of Habeas Corpus filed by the defendants, separately and severally say:

"1. Plaintiffs deny each and all of the allegations contained in rhetorical paragraphs 1 and 2 and the subsections A, B, C, D, E, F, H, I, and J under paragraph 2 of said Return, except where the defendants admit the allegations made by the plaintiffs in their complaint, in said Return.

" . . .

"For another and further paragraph of Answer to the Return to said Writ, plaintiffs say that the child of the parties is four years of age; that the defendants have evidenced an interest in said child. That they have made gifts and have been interested in her welfare, which gifts and attentions were allowed and permitted by plaintiffs. That plaintiffs did not turn over the care of said child to the defendants. That the child has been in the home of the defendants for the past three weeks. That plaintiffs have demanded the return of said child on numerous occasions but that the defendants have refused to return said child. That the defendants have no right and have acquired no right to the possession or custody of said child. That it would be to the best interest of the child to be with its parents, plaintiffs herein.

"WHEREFORE, plaintiffs demand the return of said child and for all other proper relief."

Trial was to the court which entered judgment as follows:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the petition for writ of habeas corpus be and the same hereby is denied and that Arthur and Phyllis Kasprzak be and hereby are awarded

the temporary care and custody of Cheryl Kirkum with the admonishment that said minor child pursue her faith in the Catholic religion, and that Richard and Joyce Kirkum be permitted the right of visitation with said minor child at all reasonable times without further order of the Court."

Thereafter appellants filed their motion for a new trial, which motion, omitting caption and signature, reads as follows:

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law."

Said motion was on the 25th day of August, 1960, overruled by the court. Appellants' assignment of errors contains seven specifications, in pertinent part being as follows:

"1. The court erred in overruling appellants' motion for a new trial.

"2. The decision of the court is contrary to law.

"3. The decision of the court is not sustained by sufficient evidence.

"4. The court erred in denying appellants' petition for writ of habeas corpus.

"5. The court erred in not granting appellants' petition for a writ of habeas corpus.

"6. The court erred in awarding the custody of Cheryl Kirkum to appellees.

"7. The court erred in failing to order the child Cheryl Kirkum delivered up to appellants.

"8. The court erred in denying appellants' petition that Cheryl Kirkum be delivered up to appellants."

The appellants urge all of the specifications set forth in the assignment of errors and the motion for a new trial.

Most of the evidence introduced in this case was uncontradicted and the basic facts at issue may be briefly summarized as follows: The appellant, Joyce Kirkum, and the appellee, Phyllis Kasprzak, are sisters. The evidence disclosed that Phyllis Kasprzak and her husband have been married for a period of years and are childless, and that she and another sister, Mary Koehler, and her husband were close to and visited frequently with the Kirkums. The evidence further shows that Mary Koehler and her husband had likewise been married for a number of years and are also childless. It is undisputed that the family ties between the sisters and their families were close, pleasant and harmonious up until a short time prior to the commencement of this action. It is undisputed, by any of the parties, that they visited weekly, if not daily, and that both of the aunts were solicitous as to the welfare of the Kirkum children, bringing them gifts, buying them clothing, seeing that they had needed medical attention. This state of affairs continued up until the time when Joyce Kirkum and her husband Richard, had some marital difficulty resulting in a separation for a brief period of time of approximately two or two and a half weeks, and that thereafter they effected a reconciliation. At the time of the commencement of the action in habeas corpus they were again living together as husband and wife. The evidence is undisputed that at the time of the temporary separation the two sisters took the children of the Kirkums. There is some disagreement as to the circumstances under which the children went to the homes of the aunts. The appellants contending that it was a temporary arrangement necessitated by the fact that Mrs. Kirkum was no longer living in the home and her husband was

employed six days a week. In any event after the reconciliation, the evidence is undisputed that the parents went to the home of the appellees and unsuccessfully sought to regain the custody of the child, which was denied. The denial of which was followed by the habeas corpus action.

It has been pointed out in this proceeding that there was never any divorce action filed or any other proceedings had whereby either of the parents had been deprived of the right to custody of the child. By statute, Acts 1953, ch. 112, §1905, p. 295, being §8-105, Burns' 1953 Replacement, " . . . the father and mother jointly, if living and competent, or the survivor shall be the natural guardians of their minor children . . . ." By Acts 1953, ch. 112, §1929, p. 295, being §8-129, Burns' 1953 Replacement, the statute provides that, "[t]he guardian of the person shall be entitled to the custody of the ward, but shall not have power to bind the ward or his property." By a long line of decisions this court has previously held that "[b]oth under the common law and the statutes of this State, the natural parents are entitled to the custody of their minor children, except when they are unsuitable persons to be intrusted with their care, control and education."[1]

---

1. This court has also enunciated the rule that the welfare of the child may be a controlling factor in determining the custody of children under circumstances where the natural parents have voluntarily relinquished them to others. We have stated:

"The principles of the welfare of the child may be applied to defeat the claims of a parent when the parent has voluntarily relinquished to others the care and custody of the child until the affections of the child and its foster parent have become so interwoven that to sever them would seriously mar and endanger the future happiness and welfare of the child." *Brown* v. *Beachler* (1946), 224 Ind. 477, 482, 68 N. E. 2d 915; See also: *Glass* v. *Bailey et al.* (1954), 233 Ind. 266,

*Gilmore* v. *Kitson* (1905), 165 Ind. 402, 406, 74 N. E. 1083; *Brooke* v. *Logan* (1887), 112 Ind. 183, 13 N. E. 669; *Schleuter* v. *Canatsy et al.* (1897), 148 Ind. 384, 47 N. E. 825; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N. E. 773; *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N. E. 2d 417.

While we are required to take the position that on appeal we consider only the evidence most favorable to the affirmance of the judgment of the trial court, we are here constrained to agree with the contentions of the appellants that in the instant case the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

The decision of the trial court is reversed, in both of the above numbered causes, the causes are each remanded with instructions to grant appellants' motions for new trials in cause No. 29,996 and cause No. 29,997.

Landis, C. J., Achor and Bobbitt, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 177 N. E. 2d 459.

118 N. E. 2d 800; *Beach* v. *LeRoy* (1950), 228 Ind. 122, 89 N. E. 2d 912.

However this rule does not apply to the facts in the case at bar.