BARRETT *v.* SCHMIDT, D/B/A SCHMIDT COAL COMPANY, ET AL.

[No. 19,636.   Filed April 15, 1963.]

*Paul T. Rochford, Rochford & Blackwell,* of Indianapolis and *Hanna & Small,* of counsel, of Logansport, for appellant.

*Miller & Tolbert* and *Hillis & Hillis,* both of Logansport, for appellee, Schmidt.

RYAN, J.—This was an action instituted by the appellant, the plaintiff below, for expenses and loss of services of appellant's wife. The complaint alleges in substance that the appellee Kerschner was an agent, servant and employee of the appellee Schmidt, d/b/a Schmidt Coal Company, and that at the time of the complained of occurrence appellee Kerschner was acting within the scope of his employment. It further alleges that the appellant's wife was walking

in the 200 block of Market Street in Logansport, Indiana, and that as she walked in front of a restaurant known as "Mary's Grill" the appellee Kerschner "ran and/or walked fast out of said 'Mary's Grill' and into and against the body of the said Mary Alice Barrett, knocking her down to the sidewalk," and that as a result of being knocked down she suffered personal injuries. Answers were filed by both of the appellees pursuant to Supreme Court Rule 1-3, and the cause was submitted to trial by jury.

At the close of plaintiff-appellant's case a motion for a directed verdict was sustained as to the appellee Schmidt. The jury returned its verdict in favor of the appellee Kerschner and appellee Schmidt, and consistent judgment was rendered thereon. Appellant filed his motion for a new trial, which was overruled, and now assigns as error the overruling of the motion for a new trial.

The motion for a new trial contained some seventeen specifications of error, among which are: the verdict is not sustained by sufficient evidence, is contrary to law, and that the court erred in sustaining the motion for a directed verdict as to the appellee Schmidt.

As to the contention that the verdict is not sustained by sufficient evidence, it should be noted that as to the appellee Kerschner the judgment rendered was a negative judgment, and thus presents us with no question. As to the specification that the verdict was contrary to law, the evidence concerning the circumstances surrounding the occurrence complained of is in conflict. This, of course, leaves the question up to the triers of fact, and we cannot say as a matter of law the jury did not reach the correct verdict as to Kerschner.

The specification as to the directed verdict and the other fourteen specifications all have to do with alleged error concerning the appellee Schmidt.

We are thus faced with the question: where the jury has rendered a proper verdict in favor of the servant, agent, or employee, can we grant a new trial based on asserted error concerning the master or employer? It is apparent that the appellant's cause of action is based upon the asserted negligence of the agent or employee, Kerschner, and that the appellee Schmidt is joined solely upon the ground of respondeat superior.

35 Am. Jur., Master and Servant §534, p. 962, states the general rule that the master cannot be held liable in the strict respondeat superior situation when the servant is absolved of fault.

". . . The verdict in favor of the employee, determining in effect that he was not guilty of negligence, necessarily amounts to a finding that the employer was free from negligence, and a verdict against the employer after finding in favor of the employee would be inconsistent and illogical. . . ."

In *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649, the jury was instructed that they could find either against both master and servant defendants or against one and for the other. This was a strict respondeat superior situation. The jury found for the servant and against the master. The Supreme Court reversed, and said at page 365:

". . . There could be no responsibility on the part of appellant under the facts pleaded in said paragraph, viewing it as an action for negligence, unless Clarke, its servant, was also negli-

gent; and a verdict against the former and in favor of the latter would, under the allegations of the paragraph, have been self-contradictory. . . ."

In *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, the jury found against the defendant railroad company and in favor of the defendant engineer. The court granted a new trial on its own motion. On page 256, the court said:

". . . This general rule, however, does not apply where the relation of master and servant exists between two defendants and there is no claim that the master actually participated in or directed the commission of the wrong but is sought to be held only under the doctrine of *respondeat superior*. Under such circumstances, if the master is held liable he has a right of action against his servant for indemnity, and such right would be defeated by a verdict and judgment which released the servant. *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R. A. 119; *Doremus* v. *Root* (1901), 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649."

Dictum on pages 187 and 188 of *Inter State Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 38 N. E. 2d 909, reads:

"It is well established by a number of decisions in this State that where an action proceeds upon the theory that the relation of master and servant exists between the defendants, and that the master is liable solely because of the negligent acts of the servant, that a verdict in favor of the servant and holding the master guilty of negligence relieves not only the servant but the master from liability. *Zainey* v. *Rieman* (1926), 84 Ind. App. 480, 151 N. E. 625; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. 2d 744; *United Transportation Co.* v. *Jefferies* (1937), 211 Ind. 226, 5 N. E. 2d 524. These hold-

ings are in accordance with the weight of authority in other states. Where a master and servant are joined as parties defendant in an action for injuries inflicted by the servant, a verdict which exonerates the servant from liability for injuries caused solely by the alleged negligence of the servant requires also the exoneration of the master. 35 Am. Jur., Master and Servant, §534, p. 962; note in 78 A. L. R. 365."

We perceive no substance to the argument advocated by the appellant that the verdict might have been different had the jurors been able to return a verdict against both the employee and the employer. Financial responsibility is not a test of negligence, and where, as here, the jury properly determined that the employee was not negligent, the error, if any, as to the appellee Schmidt, would be harmless since the liability of such appellee Schmidt was based solely upon the theory of respondeat superior.

Judgment affirmed.

Cooper, C. J., and Carson and Clements, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 587.