BALK ESTES *v.* HANCOCK COUNTY BANK ET AL.

[No. 1172S164. Filed November 30, 1972.]

*Straley Thorpe,* of Hammond, for appellant.

*Raymond S. Robak, Wolf & Robak,* of Greenfield, for appellees.

ON PETITION TO TRANSFER

ARTERBURN, C.J.—This case is before the Court on petition to transfer [Rule AP. 11 (B)] filed by petitioner-co-defendant below, Hancock County Bank (hereinafter referred to as petitioner or bank). The issue raised by the petition is whether a verdict exonerating an agent-employee can sustain judgment in favor of the principal if the principal's liability is based exclusively upon the conduct of such employee, the sole agent involved in the questioned activities.

The facts giving rise to this petition and the proceedings below may be summarized as follows. Plaintiff-respondent, Balk Estes, was arrested on two charges of "Deceptive Issuance or Delivery Of A Check (not theft)." The warrant for his arrest was secured through an affidavit which was signed and executed by co-defendant Blue, President of the Bank. It was subsequently determined that Estes had neither issued nor delivered the checks in question and the criminal charges were dropped.

The identity of the maker of the worthless checks remains a mystery; however, there was testimony which tended to indicate that another party—referring to herself as Estes' former wife—had procured certain blank checks which had been issued to plaintiff by an Amarillo, Texas, bank; made them payable to cash; forged Estes' signature; and, presented them to the Hancock County Bank for payment. The Amarillo account had been closed for some time when the checks were made and delivered.

After the criminal charges against him were dismissed, plaintiff-Balk Estes brought suit against the bank president and the Hancock County Bank for malicious prosecution. The prayer was for $100,000 damages. The liability of the bank was predicated solely upon the acts of the bank president, its agent employee. There were no allegations of concurrent or

joint negligence or malice; nor was it claimed that the bank was culpable through its own acts or omissions.

The jury returned a verdict against the bank in the sum of $20,000 but exonerated the bank president. Both plaintiff and co-defendant bank then moved for judgment on the evidence. A motion made by both parties for judgment on the evidence in a jury trial takes the case from the jury and amounts to a joint submission of the case to the court on the evidence. Rule TR 50 provides, in effect, the same thing as a motion for a directed verdict. 2 WILTROUT, INDIANA PRACTICE § 1552 (4), (1967), states:

> "If, either at the end of the plaintiff's evidence or at the end of all the evidence, both parties ask for a directed verdict, the effect is the withdrawal of the case from the jury and its submission to the court for determination. . . . If the submission is withdrawn, the evidence is to be considered by the court the same as if the case had been tried without a jury."

The record shows the trial court granted the bank's motion for judgment on the evidence and entered judgment accordingly while denying appellant's motion for judgment on the evidence. The record of the court in its findings of fact and conclusions of law shows that the court agreed with the jury's verdict in favor of the bank president Blue, and, on that basis, found the verdict of the jury against the bank to be inconsistent therewith. Therefore, the question here presented is, in a malicious prosecution action, is the existence of malice in the agent of the bank a necessary element to recovery against the bank under the facts of this case. The existence of malice is to be determined by the trier of fact. *Stivers* v. *Old Nat'l Bank in Evansville* (1970), 148 Ind. App. 196 264 N. E. 2d 339, 342; *reh. den.; Pontius* v. *Kimble* (1914), 56 Ind. App. 144, 104 N. E. 981; *Lawrence* v. *Leathers* (1903), 31 Ind. App. 414, 68 N. E. 179. On appeal this court will not weigh the evidence but will examine the record to determine if there is any evidence or legal inference

which will sustain the verdict or finding. *Phar-Crest Land Corp.* v. *Therber* (1969), 251 Ind. 674, 678, 244 N. E. 2d 644, 646; *Kirkum* v. *Kasprzak* (1961), 242 Ind. 198, 177 N. E. 2d 459; *Southport Board of Zoning Appeals* v. *Southside Ready Mix Concrete, Inc.* (1961), 242 Ind. 133, 176 N. E. 2d 112, *reh. den.; Anderson* v. *Kinser* (1961), 241 Ind. 555, 173 N. E. 2d 914.

In this case, the uncontradicted evidence shows that the bank president consulted the bank's attorney and the local prosecutor prior to the execution of the charging affidavits. The fact that the bank president sought such advice would be a proper factor for the fact-finder to consider as tending to rebut the existence of malice. *Atkinson* v. *VanCleave* (1900), 25 Ind. App. 508, 57 N. E. 731; *See also Indianapolis Traction and Terminal Company* v. *Henby* (1912), 178 Ind. 239, 97 N. E. 313; *reh. den.; The Terre Haute and Indianapolis R. R. Co.* v. *Mason* (1897), 148 Ind. 578, 46 N. E. 332; *Henderson* v. *McGruder* (1912), 49 Ind. App. 682, 98 N. E. 137; *Lytton* v. *Baird* (1884), 95 Ind. 349. For this reason, or upon the record as a whole, there is sufficient evidence to support the conclusion that the bank president acted without malice.

This brings us to the central question of the petition; whether the bank should be held for the acts of its exonerated president where the liability of the bank was predicated solely on his conduct. We answer this issue in the negative by holding that a proper verdict in favor of the employee, whether announced by the jury or determined by the trial court, Rule TR. 50, requires a judgment in favor of the employer where the liability of the employer is grounded *solely* upon the activities of the employee. *Barrett* v. *Schmidt* (1963), 134 Ind. App. 456, 189 N. E. 2d 587; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. 2d 744, *trans. den.*, 53 Am. Jur. 2d Master and Servant § 406 (1970); See *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 2d 443, 66 L. R. A. 119. Had the parties not submitted this case for

judgment on the evidence, Rule TR. 50, we would have been entitled to overcome the jury's anomalous verdict by granting a new trial. See *United Transportation Co.* v. *Jefferies* (1937), 211 Ind. 226, 5 N. E. 2 524, *reh. den.; Childress* v. *Lake Erie and Western R. R. Co.* (1914), 182 Ind. 251, 105 N. E. 2d 467, *reh. den.* Since neither party sought a new trial, but asked instead for a final determination by the trial judge, our review is limited to a consideration of the judgment entered. After reviewing the record of the proceedings below, we cannot find that the entry of the judgment in favor of the bank constituted error.

In announcing this result, it should be pointed out that our holding does not disturb or limit the effect of the rule which states that "the verdict in favor of a joined defendant [does not] bar a recovery against the master where the latter has himself been guilty of acts on which, independently of the acts of the servant, liability may be predicated." *Interstate Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 188, 38 N. E. 2d 909, 912; See also *New York Central R. R. Co.* v. *Verpleatse* (1945), 116 Ind. App. 1, 9, 59 N. E. 2d 916, 919, *reh. den.*, 60 N. E. 2d 784; *Holbrook v. Nolan* (1937), 105 Ind. App. 75, 10 N. E. 2d 744, *reh. den., trans. den.; Lake Erie & Western R. R. Co.* v. *Reed* (1913), 57 Ind. App. 65, 103 N. E. 127, *reh. den., trans. den.*

Similarly, a finding in favor of one employee does not necessarily bar a recovery against the principal, "where the evidence shows that the negligence of another servant who is not joined as a party, or who if joined as a party is not exonerated by the verdict, has caused the injury." *Interstate Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 188, 38 N. E. 2d 909, 912. In this case, however, the complaint contains no allegations of negligence or malice on the part of any individual or entity other than the bank president. *See New York Central R. R. Co.* v. *Verpleatse* (1945), 116 Ind. App. 1, 9, 59 N. E. 2d 916, 919, *reh den.*, 60 N. E. 2d 784,

The evidence produced by the plaintiff was directed solely at proving malicious prosecution on the part of co-defendant Blue. The rules and the procedures of the bank were not questioned and no assertions were made concerning the conduct of other employees. The bank being a corporation, its mental state or condition as to the existence of malice was dependent upon that of some agent or employee of the bank. Since the bank was joined solely upon the ground of vicarious liability and no primary liability was established in any agent, the verdict was, therefore, "inconsistent and illogical" and the court's resulting finding and judgment was proper. *Barrett* v. *Schmidt* (1963), 134 Ind. App. 456, 457, 189 N. E. 2d 587, 588, 53 Am. Jur. 2d Master and Servant § 406 (1970). Accordingly, petition to transfer is granted, thus reinstating the judgment of the trial court.

Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion in which Hunter, J., concurs.

### DISSENTING OPINION

DeBruler, J.—The jury returned the following verdicts:

"We, the Jury, find for the plaintiff and against the defendant Hancock County Bank and assess plaintiff's damages in the sum of 20,000 dollars. We, the Jury, find for the defendant Charles E. Blue."

After the verdicts, plaintiff filed a motion for judgment on the evidence in his favor against the defendant Blue. Defendant bank filed its motion for judgment on the evidence in its favor against the plaintiff. The trial court entered its ruling on the motions, and made findings of fact and conclusions of law which read, omitting the formal parts thereof, as follows:

"The Court now being duly advised enters its findings of facts and conclusions of law and enters judgment on the verdict of the jury as to the defendant Charles E. Blue, and enters judgment notwithstanding the verdict of the jury as to the defendant Hancock County Bank; all as per entries filed.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

The Court now makes the following findings of fact and conclusions of law:

### *FINDINGS OF FACT*

1. That Plaintiff's amended Complaint For Malicious Prosecution predicates the liability of the Defendant Hancock County Bank as principal upon the acts of the agent and officer, the Defendant Charles E. Blue.

2. That Defendant Hancock County Bank is an Indiana corporation.

3. That Defendant Charles E. Blue was an officer of and employed by the Defendant Hancock County Bank and he was acting at all times for and on behalf of the Defendant Hancock County Bank in said capacity.

4. That the verdict of the jury was in favor of the Defendant Charles E. Blue and against the Defendant, Hancock County Bank.

### *CONCLUSIONS OF LAW*

1. When liability is sought on the theory of respondeat superior, the liability of a principal must be predicated upon the liability of its agent or officer acting for and on behalf of the principal.

2. A verdict discharging an officer or agent from liability while acting in the capacity of an agent or officer of a principal discharges the principal from any and all liability.

3. The verdict in favor of the officer Charles E. Blue determining that he was not liable amounts to a finding that the Defendant, principal, Hancock County Bank is not liable to the Plaintiff since the Defendant Hancock County Bank, being a corporation, can only act through its officers, employees and/or agents and therefore the Defendant Blue being entitled to a judgment in favor of himself and against the Plaintiff based on the verdict of the jury, the Defendant Hancock County Bank is entitled to a judgment in its favor and against the Plaintiff for said reason.

THEREFORE, the Count finds that judgment should be entered in favor of both Defendants and each of them against the Plaintiff and enters judgment accordingly."

In my view of the trial court rulings quoted above, the trial court did not base its judgment for the defendant Bank

upon any consideration of the nature or weight of the evidence submitted at the trial The findings of fact and conclusions of law set out above in full, contain no reference to the insufficiency of the evidence to support the verdict against the defendant Bank. Rule TR. 50. What therefore may be dismissed at the outset of this case as unfounded is any assumption that may arise from the denomination of the two motions filed as TR. 50 motions, that the trial court set aside the verdict against the defendant Bank as against the weight of the evidence.

The trial court here, has entered a judgment contrary to the verdict of the jury against the defendant Bank. In so doing, the trial court has applied a principle of law which gives full legal effect to the verdict in favor of the defendant Blue and nullifies the effect of the verdict against the defendant Bank. There is no such rule applicable here. The issue before us is: What is the proper legal construction to be put on this jury verdict? *Childress* v. *Lake Erie and Western R.R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, cited by the majority is *stare decisis* in this case, and requires that this judgment be set aside as contrary to law, and that this case be remanded to the trial court for a new trial. In *Childress, supra,* this Court had before it the following jury verdict:

> "We, the jury, find for the plaintiff, and against the defendant, the Lake Erie and Western Railroad Company, and assess her damages at $6,000.00. And find for the defendant, Patrick Haggerty."

In that case, Patrick Haggerty was the engineer on a train, which was owned and operated by the Lake Erie and Western Railroad Company, which struck and killed the plaintiff's husband at an intersection. The trial court entered judgment against plaintiff and for *both* defendants. This Court reversed the judgment without prejudice to either party and remanded for a new trial. In so determining this Court said:

"By this verdict the jury found, in effect, that appellee company was liable in damages because the statutory signals were not given, while Haggerty, the engineer, was not liable because the proper signals were given. No other construction is possible under the averments of appellant's complaint since it does not charge that it was the duty of any servant of appellee company, other than Haggerty, to give said signals, or that said company violated through any other servant the duty placed on it by statute. Such a verdict is contradictory and absurd, and cannot be made the basis of a legal judgment."

The verdict and judgment in *Childress* and in the case before us are identical for legal purposes. The reasoning of the *Childress* case applies equally here. The verdict against the defendant Bank in the case on appeal which admittedly predicates liability of the defendant Bank upon the principle of *respondeat superior* alone, is tantamount to a jury determination that the acts of the defendant Blue constituted the tort of malicious prosecution; and the verdict for the defendant Blue is tantamount to a jury determination that those same acts did not constitute a malicious prosecution. The two verdicts are therefore contradictory and cannot support a lawful judgment. I therefore vote to reverse the judgment of the trial court and remand for a new trial.

Hunter, J., concurs.

NOTE.—Reported in 289 N. E. 2d 728.